Ruffin, Judge.
 

 The principal question made at the bar cannot be decided on the case in this record $ for it docs not appear, whether
 
 Bosxvorth
 
 or his landlord erected the engine, nor the purpose for which it was erected.— The old law was more strict in regard to things becoming part of the freehold by being affixed to it, than it is in modern times. Since trade and the mechanic arts have become such important pursuits, there Isas been a relaxation in their favor. It is unnecessary to consider the question between the executor and heir, or that between the owner of a particular estate and remainder man, because that between the landlord and tenant stands upon its own grounds. The general rule is, that any erection, even by the tenant, for the better enjoyment of the land, becomes part of the land $ but if it be purely for the exercise of a trade, or for the mixed purpose of trade and
 
 *378
 
 agriculture, it belongs to the tenant, and may be severed during the term, or after its expiration
 
 ;
 
 though in the latter case, the tenant will be guilty of a trespass in entering the laud for that purpose, and in that, respect only. We should therefore be obliged to grant a new trial at all events, because it does not appear here, when, by whom, nor for what, Ibis engine was set up, nor whether
 
 Boswortli’s
 
 lease had expired or not.
 

 There, can be no doubt howe\er, that as between the tenant and his creditors, an engine of this sort, actually fixed to and in the soil,
 
 and which
 
 cannot be removed without tearing down the mason’s work and house which covers it, is, until severance, a part of the realty. There is no necessity for drawing nice distinctions between the two kinds of property here. If the creditor could not reach it as realty, the Court would go far in his favor in holding it to be of that species, which would render it liable to sale. But it is equally liable to execution, as the one or the other. But until it is parted from the soil, such fixture loses its distinctive, character of personalty. For this reason, the sale by the Constable is absolutely void $ for he can in no case, sell land. For the same reason, the seizure by the Sheriff is ineffectual to the end of vesting the property in him, as a personal chattel.' Although the Sheriff can sell the land, yet im must sell it as land. Ha cannot sell a house that stands on it, as a matter distinct from the soil, and to be removed by the purchaser. He must sell the property in the state, and as the kind if is at the time of the sale. The single act of levying an execution, does not chango the nature of the property. And although the tenant might have a rigid to sever the fixture from the freehold, until that right be exercised by him or the officer, the thing Is mes ged in the soil. Even the tenant, himself, before severance, could not bring
 
 detinue
 
 Although the law may confer upon him the power to re-convert the engine into p. personal chattel, until that power be exercised, it is
 
 *379
 
 not re-converted. Whether the Sheriff may not do it in his stead, it is unnecessary to say. He has not done it: and therefore, this action of
 
 detinue
 
 will not He.
 

 Per Curiam. — Let the judgment of the Court below be reversed.