SHARON WRIGHT v. T & B AUTO SALES, INC.

No. 8412DC189

(Filed 5 February 1985)

1. **Appeal and Error § 57— findings of fact binding—conclusions of law reviewable**

   On appeal a trial court's findings of fact are binding if supported by any substantial evidence, but its conclusions of law are reviewable.

2. **Uniform Commercial Code § 12— used car—implied warranty of merchantability—disclaimer ineffective**

   Defendant failed effectively to disclaim liability for the breach of an implied warranty of merchantability based on the terms of its used vehicle guarantee, since there was no conspicuous language mentioning "merchantability"; furthermore, the terms of defendant's form contract disclaiming implied warranties of merchantability on all used vehicles which were sold without express warranty or guarantee did not apply to plaintiff's action, since the vehicle sold by defendant to plaintiff did have a separate written warranty. G.S. 25-2-316(2).

3. **Uniform Commercial Code § 12— used car—breach of implied warranty of merchantability—damages**

   In an action to recover for breach of an implied warranty of merchantability in a used car sales transaction, special circumstances as provided for in G.S. 25-2-714(2) warranted damages in the amount of the cost of a new engine, rather than in the amount of repairing reversed engine heads, since the reversed heads caused the total destruction of the engine.

APPEAL by defendant from *Cherry, Judge.* Judgment entered 27 September 1983 in District Court, CUMBERLAND County. Heard in the Court of Appeals 13 November 1984.

*Carter & McSwain, by Ronald D. McSwain, for plaintiff appellee.*

*Downing, David, Vallery and Maxwell, by Harold D. Downing, for defendant appellant.*

BECTON, Judge.

This case deals with the ineffective disclaimer of an implied warranty of merchantability in a used car sales transaction.

In February 1982, plaintiff, Sharon Wright, signed a form contract to purchase a 1977 Subaru automobile from defendant, T & B Auto Sales, Inc. (T & B) for the total price of $2,672.00. When Wright paid the balance due and took delivery of the car in March 1982, she received a T & B Auto Sales Approved Used Vehicle Guarantee. According to the guarantee, the mileage on the odometer read 51,900. Wright testified that she returned the vehicle to T & B within the first month with complaints that the oil light stayed on continuously and that the engine was overheating. T & B replaced the oil sending unit. Afterwards, the oil light stayed off, but as Wright testified: "The car was still overheating. I would take it back to [T & B] and he would work on it for a lit-

tle bit and it would drive right for a couple of days and the same problem would come back again." Wright continued to take the car back to T & B for repairs until September 1982. Several days later, the car would not start at all. Wright had it towed to Perkins Motors; they replaced the engine in October 1982 at a cost of $1,063.77. The Perkins service manager testified that reversed engine heads caused the overheating and near meltdown of the engine. Moreover, the oil light had either been disconnected or the line had burned on the engine. At the time, the mileage on the odometer read 61,572.

In December 1982, Wright instituted this action to recover $1,459.00, representing the repair costs, towing charges, and damages for loss of use of the automobile during the time required for repairs. In her Complaint, Wright alleged that T & B had breached express representations and an implied warranty of merchantability. From a judgment awarding Wright damages in the amount of the cost for replacing the engine, $1,063.77 plus interest, T & B appeals.

I

Following a trial before the judge, the trial court concluded that "plaintiff was proximately damaged by the defendant's breach of express warranty in that plaintiff had to pay for replacing the engine in the automobile." This, and other of the court's conclusions, were based on the following relevant findings of fact:

4. That at the time of delivery, Defendant gave Plaintiff a limited written guarantee covering the mechanical function of the automobile engine.

5. That the automobile engine did not function properly because the heads on the engine were reversed and on the wrong side causing the engine to over-heat and allow water and oil to mix.

6. That the Plaintiff gave Defendant timely notice of the defects by repeatedly returning the car to Defendant from March 1982 through September 1982 complaining that the car was overheating and that water was in the oil.

7. That Defendant failed to cure the defects in the engine.

8. That the Plaintiff was proximately damaged by the Defendant's breach of guarantee in that Plaintiff had to pay Perkins Motors, Inc., to replace the automobile engine in the car in October, 1982.

T & B excepts to the above findings of fact and the resulting conclusions of law. On appeal, T & B argues that the trial court erred in failing to find as fact that (a) the vehicle operated satisfactorily during the warranty period, and (b) Wright operated the vehicle for approximately ten thousand miles before the engine failed, and in failing to conclude that T & B's warranty extended only to defects discovered and complained of within one thousand miles or thirty days and replaced on T & B's premises on a 50-50 basis.

II

The underlying premise of T & B's assignments of error is that the limited express warranty included in the used vehicle guarantee furnished Wright's exclusive remedy. We disagree.

[1] Although the trial court concluded that T & B was liable to Wright based on a breach of the limited express written warranty, we are not bound by its legal conclusions. On appeal, a trial court's findings of fact are binding if supported by any substantial evidence, but its conclusions of law are reviewable *de novo*. *Davison v. Duke University*, 282 N.C. 676, 194 S.E. 2d 761 (1973). After reviewing the record, we find the findings of fact are supported by the evidence.

[2] We turn to the provisions of the used vehicle guarantee. The first clause of the guarantee provided:

The automobile covered by this guarantee is warranted as defined by the dealer herein for the exclusive benefit of the purchaser for a period of thirty (30) days from the date of delivery, or one thousand (1,000) miles, whichever occurs first. This 50-50 guarantee means that the dealer will make any necessary mechanical repairs in his shop at a cost to the buyer of only 50% of the dealer's current list on both parts and labor, except where such repairs have become necessary by abuse, negligence, or collision.

The fifth clause of the guarantee provided: "No other guarantees, representations, or agreements, expressed or implied, have been made to the buyer."

T & B relies on the strict provisions of the limited express warranty in the first clause to disclaim liability since there is no evidence in the record as to the mileage on the car when the oil sending unit was replaced. T & B contends that the car was no longer under warranty and, therefore, that the car operated satisfactorily during the warranty period. However, the fifth clause of the used vehicle guarantee is the determinative provision. It is well-established in this jurisdiction that an implied warranty of merchantability is usually only excludable by language which mentions "merchantability" and, in case of a writing, is conspicuous. N.C. Gen. Stat. Sec. 25-2-316(2) (1965); *Billings v. Harris Co.*, 27 N.C. App. 689, 220 S.E. 2d 361 (1975), *aff'd*, 290 N.C. 502, 226 S.E. 2d 321 (1976). There is no evidence that the present case falls within the exception to G.S. Sec. 25-2-316(2) (1965), N.C. Gen. Stat. Sec. 25-2-316(3) (1965), "in which the circumstances surrounding the transaction are in themselves sufficient to call the buyer's attention to the fact that no implied warranties are made or that a certain implied warranty is being excluded." Official Comment 6. Reviewing the language of the fifth clause, we find no mention of "merchantability." Thus, T & B has failed to effectively disclaim liability for the breach of an implied warranty of merchantability based on the terms of the used vehicle guarantee.

T & B argues that the terms of T & B's form contract control and effectively disclaim any implied warranty of merchantability. We are not persuaded. In capital letters at the bottom of the page, the contract states:

> *UNLESS DEALER FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY* OR SERVICE CONTRACT MADE BY DEALER ON ITS OWN BEHALF, DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE; (A) ON ALL GOODS AND SERVICES SOLD BY DEALER; AND (B) *ON ALL USED VEHICLES WHICH ARE HEREBY SOLD—AS IS—NOT EXPRESSLY WARRANTED OR GUARANTEED.* (Emphasis added.)

When the language of a contract is plain and unambiguous, its construction is a matter of law for the court. *Renfro v. Meacham*, 50 N.C. App. 491, 274 S.E. 2d 377 (1981). We find the language of T & B's form contract unambiguous. Under its terms, T & B disclaimed all express or implied warranties, including implied

warranties of merchantability, on all vehicles sold without a "separate written warranty." The 1977 Subaru sold to Wright did have a "separate written warranty"—the T & B Auto Sales Approved Used Vehicle Guarantee. Therefore, the disclaimers listed in the contract are inapplicable to the present case.

A plaintiff may recover for a breach of implied warranty of merchantability without any proof of negligence if it establishes that:

> (1) a merchant sold goods, (2) the goods were not 'merchantable' at the time of sale, (3) the plaintiff (or his property) was injured by such goods, (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury, and (5) the plaintiff so injured gave timely notice to the seller.

*Reid v. Eckerd's Drugs, Inc.*, 40 N.C. App. 476, 480, 253 S.E. 2d 344, 347, *disc. rev. denied*, 297 N.C. 612, 257 S.E. 2d 219 (1979); N.C. Gen. Stat. Sec. 25-2-314 (1965). The trial court in the case *sub judice* found that T & B "since 1976, has engaged in the business of automobile sales and service." T & B qualifies as a "merchant" under N.C. Gen. Stat. Sec. 25-2-104(1) (1965), "a person who deals in goods of the kind." To be "merchantable," goods must at least be "fit for the ordinary purposes for which such goods are used. . . ." G.S. Sec. 25-2-314(2)(c) (1965). The trial court found that "the automobile engine did not function properly because the heads on the engine were reversed and on the wrong side causing the engine to over-heat and allow water and oil to mix." Such a fundamental defect certainly did not render the car "fit for the ordinary purposes. . . ." The trial court's findings of fact numbers 6 and 8, cited *supra*, satisfy elements 3 through 5 under the *Reid* test. We conclude that Wright was entitled to recover for a breach of implied warranty of merchantability.

[3] The general measure of damages for breach of implied warranty of merchantability is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." N.C. Gen. Stat. Sec. 25-2-714(2) (1965). If the Subaru had been as warranted, the engine heads would not have been reversed. The value of repairing the reversed engine heads by pull-

ing out the engine is not the accurate measure of damages, since the reversed heads caused the total destruction of the engine. In this case the "special circumstances" warrant damages in the amount of the cost of the new engine. We therefore affirm the trial judge's award of the $1,063.77 in repair costs to Wright, even though we base our decision on breach of implied warranty of merchantability rather than breach of the express limited warranty.

Affirmed.

Judges ARNOLD and WELLS concur.