CATHY'S BOUTIQUE, INC. v. WINSTON-SALEM JOINT VENTURE; JACOBS, VISCONSI & JACOBS COMPANY; AND CENTER RIDGE CO.

No. 8421SC534

(Filed 5 February 1985)

1. **Libel and Slander § 14.1— cat cartoon—words susceptible of two interpretations—allegations insufficient**

   Where plaintiff tenant in a shopping mall alleged that it had been libeled by a "cat cartoon" published in defendant's advertising supplement, the trial court did not err in dismissing plaintiff's complaint where it failed to allege that the cartoon was susceptible of two meanings and that the defamatory meaning was intended and so understood by those to whom the publication was made.

2. **Unfair Competition § 1— publication of cat cartoon—no unfair or deceptive trade practice**

   Defendant's publication of an advertising supplement which included a cartoon depicting a smiling cat holding a fancy flea collar and stating, "Look what I got at Cathy's Boutique . . . a designer flea collar!" did not constitute an unfair or deceptive trade practice, and the trial court properly dismissed plaintiff's claim therefor.

APPEAL by plaintiff from *Collier, Judge*. Order entered 30 January 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 7 January 1985.

*William Y. Wilkins for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by Penni L. Pearson for defendant appellees.*

COZORT, Judge.

The plaintiff, Cathy's Boutique, Inc., filed this action alleging that it had been libeled by a "cat cartoon" published in the defendants' advertising supplement. The trial court pursuant to the defendants' G.S. 1A-1, Rule 12(b)(6) and 12(c) motions dismissed the plaintiff's action. On appeal, the plaintiff argues that the trial court erred in granting the defendants' motions and improperly considered material outside the pleadings. We affirm the order of the trial court.

In 1976, Cathy's Boutique, Inc. entered into a ten-year lease agreement with Winston-Salem Joint Venture (hereinafter re-

ferred to as Joint Venture) for a space in its shopping mall. By the end of December 1982, Cathy's Boutique was experiencing financial difficulties. Cathy's Boutique notified the manager of the mall on 14 January 1983 of its financial troubles and of its desire to discuss its lease obligations with Joint Venture.

Shortly thereafter, a cartoon, which referred to Cathy's Boutique, was published in the 19-20 January 1983 Hanes Mall Herald, an advertising supplement to the Winston-Salem Journal and Sentinel. The plaintiff has alleged that it was libeled by the publication of this cartoon which depicts a smiling cat holding a fancy flea collar and stating, "Look what I got at Cathy's Boutique . . . a designer flea collar!"

In a letter to the plaintiff, dated 24 January 1983, Joint Venture refused to enter into discussions with Cathy's Boutique. On 31 January 1983, Cathy's Boutique was closed and its Hanes Mall premises were vacated. Cathy's Boutique on 2 February 1983 then sent Joint Venture a second letter, reminding it of its duty to mitigate any damages it might incur due to the shop's closing. Eight months later, on 30 September 1983, Joint Venture informed the plaintiff that unless a full payment was made of all claimed damages, totaling $8,227.84, it would file suit immediately. On 13 October 1983 Cathy's Boutique filed this libel action against Joint Venture, Jacobs, Visconsi and Jacobs Company, who handled the actual leasing of the Hanes Mall spaces, and Center Ridge Company, who managed the mall. On 3 November 1983, Joint Venture sued the plaintiff to recover the damage it sustained due to the plaintiff's alleged breach of its lease agreement. This Court's opinion in that action, No. 8421SC437, has also been filed today.

The major issue on appeal in this libel action is whether the trial court properly granted the defendants' G.S. 1A-1, Rule 12(b)(6) and Rule 12(c) motions. The scope of our review of a Rule 12(b)(6) motion is to determine whether " 'it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' " *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970), *quoting* 2A J. Moore's Federal Practice ¶ 12.08 (2d ed. 1968). A motion for judgment on the pleadings pursuant to Rule 12(c) is proper when all the material allegations of fact are admitted in the pleadings and the

Cathy's Boutique v. Winston-Salem Joint Venture

movant can show, even when viewing the facts and permissible inferences in the light most favorable to the nonmoving party, that he is clearly entitled to judgment as a matter of law. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

The plaintiff contends that the allegation of libel in the complaint was properly pled and sufficient to withstand the defendants' motion for judgment on the pleadings. The complaint alleges that the defendants caused a false statement concerning the plaintiff to be published and distributed throughout Forsyth County and that this false statement damaged the plaintiff's business reputation and its business sales, subjecting the plaintiff to ridicule, public hatred, contempt, and disgrace.

In North Carolina, there are three classes of libel: "(1) publications obviously defamatory which are called libel *per se*; (2) publications susceptible of two interpretations, one of which is defamatory and the other not; and (3) publications not obviously defamatory but when considered with innuendo, colloquium, and explanatory circumstances becomes libelous, which are termed libels *per quod*." *Arnold v. Sharpe*, 296 N.C. 533, 537, 251 S.E. 2d 452, 455 (1979). The plaintiff in its brief contends that the cartoon constitutes libel "of the second class in that it may be susceptible to two interpretations, one defamatory, one not." We disagree.

[1] In the first place, the plaintiff's complaint fails to bring the cat cartoon within the second class of libel because the complaint does not allege that the cartoon is susceptible of two meanings. *Renwick v. News and Observer Publishing Co.*, 310 N.C. 312, 312 S.E. 2d 405 (1984). Furthermore, a complaint does not state a cause of action under the second class of libel unless it alleges that the defamatory meaning was intended and was so understood by those to whom the publication was made. *Robinson v. Insurance Co.*, 273 N.C. 391, 159 S.E. 2d 896 (1968); *Flake v. News Co.*, 212 N.C. 780, 195 S.E. 55 (1938). As the record reveals, the plaintiff's complaint contains no such allegations.

Secondly, the plaintiff's libel claim must fail because the cat cartoon on its face is susceptible to only one meaning. The words spoken by the cat are clear and unambiguous. As noted by the Supreme Court in *Flake*:

The general rule is that publications are to be taken in the sense which is most obvious and natural and according to

the ideas that they are calculated to convey to those who see them. The principle of common sense requires that courts shall understand them as other people would. The question always is how would ordinary men naturally understand the publication.

*Id.* at 786, 195 S.E. at 60. Ordinary men would naturally understand that the complained of publication is a cartoon published as a humorous advertisement for the plaintiff in a newspaper advertising supplement. Since the selling of flea collars, even designer flea collars, would be a legitimate business endeavor, the plaintiff cannot under any set of facts show that it has been defamed by this cartoon. We hold that the trial court properly granted the defendants' Rule 12(b)(6) and Rule 12(c) motions.

[2] The plaintiff also maintains that the trial court erred in dismissing its Chapter 75 unfair or deceptive trade practice claim. G.S. 75-1.1 provides:

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

However, "[t]he determination of whether an act is unfair or deceptive is a question of law for the court." *Bernard v. Central Carolina Truck Sales, Inc.*, 68 N.C. App. 228, 230, 314 S.E. 2d 582, 584 (1984). Since there was no existing material issue of fact with regard to this claim, the granting of the defendants' motion for judgment on the pleadings was proper if the defendants also demonstrated that they were entitled to judgment in their favor as a matter of law. *See Ragsdale, supra.* We believe, even after viewing the allegations in the light most favorable to the plaintiff, that the trial court correctly concluded as a matter of law that this cartoon did not constitute an unfair or deceptive act or practice by the defendants. Since there is no set of facts that the plaintiff can prove in this case which would entitle it to Chapter 75 relief and because the defendants are entitled to judgment as a matter of law, we hold the trial court properly granted the defendants' Rule 12(b)(6), Rule 12(c) motions with regard to this claim.

Finally, the plaintiff asserts that the trial court improperly considered material other than the parties' pleadings when ruling on the defendants' Rule 12 motions. The complained of material

consisted of pages H5 and H9 of the Hanes Mall Herald, the supplement which contained the alleged libelous cartoon. Since we have held that it was proper for the trial court to dismiss this action on a Rule 12(b)(6) motion because the cartoon is incapable of a defamatory meaning, it is not necessary for us to rule on plaintiff's objection to the trial court's consideration of this other material.

The order of the trial court is

Affirmed.

Judges WEBB and EAGLES concur.