PEGGY LYNN DETORRE AND HUSBAND, JAMES B. W. DETORRE, AND RAYMOND W. ALLEN v. SHELL OIL COMPANY AND QUALITY OIL COMPANY

No. 8610SC828

(Filed 3 March 1987)

**Landlord and Tenant §§ 7, 20 — demolition of service station — construction of new station — no waste or injury to premises**

　　In an action for breach of contract and waste arising out of a lease between the parties, the trial court properly granted defendants' motion for judgment on the pleadings where plaintiffs alleged that defendants tore down existing buildings and tore up existing pavement so as to demolish a service station and built new buildings and poured new pavement so as to construct a larger service station, but, pursuant to the terms of the lease, defendants were specifically allowed to construct a service station and make any alterations to the premises and buildings they desired; the lease was for vacant land and did not require defendants to construct any buildings thereon; plaintiffs' interest in the value of the premises as originally rented was not shown to be permanently injured by returning the lot to its original condition; and defendants in this case improved rather than permanently injured the premises.

APPEAL by plaintiffs from *Farmer, Judge.* Judgment entered 27 May 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1987.

Plaintiffs Peggy Lynn and James B. W. DeTorre (DeTorres) entered into a lease agreement with defendant Shell Oil Company (Shell) on 15 November 1971 permitting Shell to build and operate a gas station on plaintiffs' property. Plaintiffs' complaint incor-

porates the lease agreement by reference. Paragraph four of the lease required that the premises be delivered to defendants cleared of all structures, personalty and debris. Paragraph five provided that Shell could use the premises for "any lawful purpose," including installation of an automobile service station, addition of any buildings or improvements Shell desired, and making any alterations Shell desired in the premises, buildings, improvements and equipment at any time while in possession. Paragraph sixteen required Shell to surrender the premises to the DeTorres upon termination of the lease subject to Shell's rights under paragraph five, and Shell's right to remove all gasoline pumps and Shell identification.

Soon after taking possession of the premises in 1972, Shell constructed a self-service gas station consisting of a main building, an out-building, gasoline pumps, and an overhead canopy. On 19 February 1972, the DeTorres executed an assignment of rent, incorporated into the complaint by reference, to plaintiff Raymond W. Allen, assigning to Allen all rents due under the lease with Shell. On 14 September 1981, Shell executed an assignment of lease, incorporated into the complaint by reference, with reversion whereby certain of Shell's rights under the lease with plaintiffs were assigned to Quality Oil Company of Elizabeth City, Inc. On 15 December 1983, Quality Oil Company of Elizabeth City, Inc., assigned its interest in the original DeTorre-Shell lease to defendant Quality Oil Company (Quality). Shell remains liable under the original lease pursuant to a provision therein allowing Shell to assign a sublease of its rights but not its liabilities under the lease.

Plaintiffs allege that on or about 1 May 1985 defendant Quality destroyed and removed all existing structures and pavement on the premises, and erected new buildings and repaved the surface.

Plaintiffs further allege that defendants wilfully breached the lease by Quality removing and destroying the existing structures and pavement, and that plaintiffs are therefore entitled to termination of the lease and forfeiture of the leasehold, including all improvements, by the defendants. Plaintiffs also allege that the destruction and removal of the original structures and pavement

constitute waste and damaged plaintiffs' reversionary interest in the premises in excess of $10,000.

Defendants' answer admits destroying the original structures and pavement and erecting new structures and repaving the property, but denies breaking the lease agreement with plaintiffs or committing waste while in possession of the premises.

Defendants' first defense says that plaintiffs' complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12, N.C. Rules Civ. P.

Addressing plaintiffs' breach of contract claim, defendants' second defense says that its destroying and replacing the original buildings was within the language of paragraph five of the lease agreement. That paragraph, say defendants, gives them the right to use the premises for any lawful purpose, including but not limited to constructing a gas station and any additional buildings they may desire, and to make any alterations they may desire to the premises and to any building or improvements thereon at any time. Paragraph sixteen obligates defendants to surrender the premises to plaintiffs DeTorres at the end of the lease term subject to defendants' rights to use the premises for any lawful purpose pursuant to paragraph five. Defendant claims that as of early 1985 the premises had become inadequate to properly serve customer demand, and incorporates into its answer photos of the premises before and after alterations. To remain competitive with other nearby gas stations, defendants destroyed the existing structures and built a new facility with a larger sales area and repaved surface. Another building on the premises was refurbished rather than destroyed. Their actions, contend defendants, were within their rights pursuant to the lease and were not in breach of contract.

As to plaintiffs' claim of waste, defendants' answer contends that the fair market value of the premises has greatly increased due to defendants' destroying and rebuilding in 1985, and therefore plaintiffs' claim of waste is unfounded.

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c), N.C. Rules Civ. P. on 25 March 1986. The trial court granted defendants' motion on 4 June 1986, dismissing plaintiffs' complaint with prejudice. Plaintiffs appeal.

*Newsom, Graham, Hedrick, Bryson & Kennon, by Charles F. Carpenter, for plaintiff appellants.*

*Petree Stockton & Robinson, by Leon E. Porter, Jr., and R. Rand Tucker, for defendant appellees.*

JOHNSON, Judge.

Plaintiffs' only Assignment of Error challenges the trial court's granting of defendants' motion for judgment on the pleadings pursuant to Rule 12(c). At issue is whether the trial court properly granted defendants' motion as a matter of law. We find no error.

Our scope of review of a Rule 12(c) motion is to determine whether granting the motion was proper or in error. A motion for judgment on the pleadings, or a Rule 12(c) motion, is proper when all the material allegations of fact are admitted on the pleadings and only questions of law remain. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974). The movant must show, even when viewing the facts and permissible inferences in the light most favorable to the nonmoving party, that he is clearly entitled to judgment as a matter of law. *Cathy's Boutique v. Winston-Salem Joint Venture*, 72 N.C. App. 641, 642-43, 325 S.E. 2d 283, 284 (1985). Because judgment on the pleadings is a summary procedure and the judgment is final, the movant is held to a strict standard and must show that no material issue of fact exists. *Ragsdale v. Kennedy, supra*, at 137, 209 S.E. 2d at 499.

Plaintiffs argue that defendants wilfully breached the lease agreement by "removing and destroying the existing structures and pavement on said leasehold." Defendants admit as much in their answer. Plaintiffs incorporated a copy of the lease agreement into the complaint by reference, thereby making the lease part of the pleadings for purposes of Rule 12(c). The trial court properly looked at the lease to see if the terms were plain and unambiguous when deciding defendants' motion. When language of a contract is plain and unambiguous its construction is a matter of law for the court. *Wright v. Auto Sales, Inc.*, 72 N.C. App. 449, 453, 325 S.E. 2d 493, 496 (1985).

We find the language of the lease to be unambiguous. Under paragraph five of the lease, defendants may construct on the

premises an automobile service station and any additional buildings they desire, and may make any alterations to the premises and buildings they desire. Furthermore, defendants may use the premises for any lawful purpose. Plaintiffs have not alleged that defendants' use of the premises is for an illegal purpose, or that defendants have failed to pay rent. Defendants' removal of the buildings and pavement was clearly within their right under the lease to "alter" the premises and buildings thereon. We hold that, taken in the light most favorable to plaintiffs, the pleadings do not raise a genuine issue of fact as to whether defendants' removing and destroying buildings and pavement on the lease premises constitutes a breach of that lease agreement.

Plaintiff further alleges that the buildings originally constructed by defendants after taking possession became fixtures, and that plaintiffs as lessors have acquired an interest in such fixtures; defendant, therefore, cannot remove these fixtures without breaching the lease agreement, and whether defendants' actions constitute a breach is a genuine issue of material fact sufficient to survive a Rule 12(c) dismissal. We disagree.

This Court said in *Ilderton Oil Co. v. Riggs*, 13 N.C. App. 547, 551, 186 S.E. 2d 691, 694 (1972) that:

> The general rule is that any erection, even by the tenant, for the better enjoyment of the land becomes part of the land; but if it be purely for the exercise of a trade . . . it belongs to the tenant, and may be severed during the term.

(Quoting *Pemberton v. King*, 13 N.C. 376 (1828-30).) Following *Ilderton*, the gas station and other buildings constructed by defendants in the case *sub judice*, being only for the exercise of trade, belong to the defendants and may be severed during the lease term. Furthermore, the lease did not require that any improvements be constructed on the vacant premises. This is simply a ground lease. If the plaintiffs had leased to defendants the premises with buildings thereon, defendants could not then tear down those buildings without injuring plaintiffs' interest in them. But that is not the case here.

Plaintiffs further argue that defendants' actions constitute waste of plaintiffs' reversionary interest, and that the pleadings raise a genuine issue of material fact as to waste sufficient to sur-

vive dismissal under Rule 12(c). Defendants' answer denies all allegations of waste, and further answers and defends that the new buildings defendants constructed have increased the fair market value of the premises.

This Court recently said that, at common law, waste "was any permanent injury with respect to lands, houses, gardens, trees, or other corporeal hereditaments by the owner of an estate less than a fee." *Homeland, Inc. v. Backer*, 78 N.C. App. 477, 481, 337 S.E. 2d 114, 117 (1985). We noted further that in "the lessor-lessee situation, waste has been defined as an implied obligation . . . to treat the premises in such a manner that no injury is done to the property." *Id.*

Plaintiffs allege that defendants' acts constitute waste "resulting in permanent injury or destruction to plaintiffs' reversionary estate therein in that said acts consisted of the removal and destruction of existing buildings and pavement." We disagree. The buildings destroyed were not existing at the beginning of the lease term. Defendants built the buildings after taking possession of the vacant lot, and later removed *their own* buildings which they had a right to do under the lease. Plaintiffs' interest in the value of the premises as originally rented was not shown to be permanently injured by returning the lot to its original condition. Furthermore, we found in *Homeland, Inc., supra,* that plaintiff failed to make a prima facie case for waste when there was plenary evidence that defendants extensively improved the property. 78 N.C. App. at 482, 337 S.E. 2d at 117. Here, defendants have improved rather than permanently injured the premises. We fail to see how plaintiffs' interest in the premises has been permanently injured, and hold that the trial court correctly found as a matter of law that there was no genuine issue of material fact supporting plaintiffs' claims for breach of contract and waste and properly granted defendants' motion to dismiss on the pleadings under Rule 12(c).

Affirmed.

Judges BECTON and PHILLIPS concur.