MARSH REALTY COMPANY, Plaintiff v. 2420 ROSWELL AVENUE, Defendant

No. 8726SC1244

(Filed 21 June 1988)

**Landlord and Tenant § 19— rent adjustment provision—interpretation—summary judgment improper**

    The trial court erred by granting summary judgment in an action to recover rental payments due under a lease where the lease was executed in 1965, there was a cost of living index adjustment to be applied to the base rental period in order to determine rent for years 20 to 30 of the lease, the lease failed to define base rental period, and there was a question as to whether the amount of rent for the base rental period was the rent from 1965 to 1975 ($5,000), or the rent from 1975 to 1985 ($6,000).

APPEAL by defendant from *Burroughs, Judge.* Order and Judgment entered 10 August 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 May 1988.

Plaintiff-lessor, Marsh Realty Company, instituted this action against defendant-lessee, 2420 Roswell Avenue, to recover rental payments due under a lease. The lease was executed in 1965 between Realty Syndicate, Inc., the predecessor in interest to Marsh Realty Company and Albright and Albright Investments, Inc., the predecessor in interest to 2420 Roswell Avenue. The lease was drafted by an attorney for Realty Syndicate, Inc., the original lessor. The term of the lease is 75 years and rental payments are to be determined under the lease as follows:

    2. RENTAL: All rental payments shall be payable in advance on or before the first day of each month during the term of this Lease. The Lessee shall pay to the Lessor for the first ten (10) years of the lease term an annual rental of . . . FIVE THOUSAND DOLLARS ($5,000.00) . . ., which rental shall be paid in equal monthly installments as follows: The sum of Four Hundred Sixteen and 66/100 Dollars ($416.66) for one hundred nineteen (119) months and a final installment of Four Hundred Seventeen and 46/100 Dollars ($417.46) on the first day of the one hundred twentieth month. The Lessee shall pay to the Lessor for the second ten (10) years of the lease term an annual rental of . . . SIX THOUSAND DOLLARS ($6,000.00) . . ., which rental shall be paid in equal monthly installments of Five Hundred and

No/100 Dollars ($500.00). Beginning with the two hundred forty-first month, the annual rental and monthly installments thereof, through the three hundred sixtieth month, and for each subsequent ten (10) year period during the life of the lease, shall be determined as follows:

The Cost-of-Living Index specified by the United States Bureau of Labor Statistics, or its successor agency, shall be used at the end of each ten-year rental period after the two hundred fortieth month of the Lease term. In the event that said Cost-of-Living Index reflects an increase from *the base rental period, as hereinafter defined,* through the last day of the two hundred fortieth month of the lease term, the annual rent for the next ensuing ten-year period shall be increased by the percentage cost-of-living increase from the beginning of the base period through the said two hundred fortieth month. In the event the said Cost-of-Living Index reflects an increase from the beginning of the two hundred forty-first month of the lease term through the three hundred sixtieth month of said lease term, the annual rent for the next ensuing ten-year period shall be increased by the percentage cost-of-living increase during the said ten-year period (the two hundred forty-first month through the three hundred sixtieth month) and said percentage increase shall be applied to the effective rental in the ten-year period in which the increase took place. This same procedure of adjusting the annual rent shall be followed throughout the life of the lease at the end of each ten-year period thereafter. The annual rent for each ten-year period and the final five-year period requiring adjustment shall in no event be less than that of the preceding rental period.

For the purpose of this lease the base period cost-of-living index figure shall be the last annual percentage figure as determined and published by the Bureau of Labor Statistics prior to the signing of this Lease Agreement.

Rentals during the first year of each ten-year adjustment period are to be adjusted to reflect the increase, if any, back to the first month of the first year of said adjustment period, and said increase shall be paid in monthly install-

ments throughout the entire ten-year period in which the increase is applicable.

In the event the Bureau of Labor Statistics ceases its determination of Cost-of-Living Indexes and no successor governmental agency is appointed to make said determinations, the parties agree that another agency, private or otherwise, shall be used to make said determinations, and said agency shall be chosen by mutual agreement of the parties; if the parties cannot agree on said agency, it is understood and agreed that the agency will be selected by the Resident Judge of Superior Court for the Judicial District in which the City of Charlotte, North Carolina is located. (Emphasis added.)

Both plaintiff and defendant moved for summary judgment concerning the amount of rent due under the lease. The trial court granted plaintiff's motion and denied defendant's motion. The trial court's Order and Judgment states in pertinent part:

1. The plaintiff's motion for summary judgment be and hereby is granted. The Court hereby declares that the terms of the existing Lease signed on March 5, 1965, under which the plaintiff is lessor by assignment and the defendant is lessee by assignment, are correctly construed as a matter of law as providing that rental payments under the Lease were to begin on June 1, 1965; that the Lease was to be for a term of seventy-five years; that the defendant was to pay an annual rental in the initial amount of $5,000.00 in equal monthly installments for the first ten year period, which ended in May, 1975, and an annual rental of $6,000.00 in equal monthly installments for the second ten year period, which ended in May, 1985; that the annual rental was to be adjusted beginning June 1, 1985; that the defendant was to pay an adjusted annual rental in equal monthly installments for the third ten year period, which began on June 1, 1985; that the amount of the adjusted annual rental to be paid during the third ten year period is based on the $6,000.00 annual rental figure and is correctly calculated by determining the percentage increase in the Cost-of-Living Index from the annual figure for 1964 to the figure for May, 1985 and applying that percentage increase to the $6,000.00 annual rental figure; and that

the amount of the adjusted rental to be paid by the defendant under the Lease during the third ten year period, when correctly calculated, is $20,751.60, payable in equal monthly installments of $1,729.30.

From the Order and Judgment of the trial court, defendant appeals and plaintiff cross-assigns error.

*Smith, Helms, Mulliss & Moore, by Rolly L. Chambers, for plaintiff appellee.*

*Ruff, Bond, Cobb, Wade & McNair, by Moses Luski, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court improperly interpreted the lease and erred in granting plaintiff's motion for summary judgment. We agree.

The provision of the lease governing rental payments attempts to provide a formula for determining rent for years twenty through seventy-five of the lease. Under the formula, the percentage increase in the Cost-of-Living Index is to be applied to the "base rental period" in order to determine rent for years twenty to thirty of the lease. The lease states that the "base rental period" is "hereinafter defined" but the definition is never given. Accordingly, there is a question whether the amount of rent for the "base rental period" is $5,000.00 (the rent from 1965 to 1975) or $6,000.00 (the rent from 1975 to 1985).

Plaintiff asserts that the "base rental period" figure is $6,000.00 while defendant argues that the "base rental period" figure is $5,000.00. Under plaintiff's calculations, it would be entitled to $20,751.60 per year from 1985 to 1995. Under defendant's calculations, plaintiff would receive only $17,293.00 per year from 1985 to 1995.

When the language of a contract is plain and unambiguous, its construction is a matter of law for the court. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 353 S.E. 2d 269 (1987). If the language used in a contract is ambiguous and the parties' intention is unclear, the interpretation of the contract is for the jury. *Parker Mktg. Sys., Inc. v. Diagraph-Bradley Indus., Inc.*, 80 N.C. App.

177, 341 S.E. 2d 92, *disc. rev. denied*, 317 N.C. 336, 346 S.E. 2d 502 (1986).

The formula set out in the lease to determine annual rent from 1985 to 1995 is ambiguous. The lease fails to define "base rental period" which is crucial to the application of the formula. While the fairest result may have been reached, the trial court erred in granting summary judgment because an issue of fact remains concerning the amount of annual rent for 1985 to 1995.

Plaintiff cross-assigns error to the trial court's failure to consider affidavits of persons involved in negotiating the terms of the lease. We need not address plaintiff's argument because the affidavits are not properly before this Court as a part of the record on appeal.

Vacated and remanded.

Judges ORR and GREENE concur.