DANIELS v. HERTZ CORP.

[104 N.C. App. 700 (1991)]

———————————

JOANNE ALSTON DANIELS, ADMINISTRATRIX OF THE ESTATE OF NATHANIEL DANIELS, JR., DECEASED, PLAINTIFF v. THE HERTZ CORPORATION, THE ZURICH INSURANCE COMPANY, CORPORATIONS, AND THE RALEIGH-DURHAM AIRPORT AUTHORITY, A MUNICIPAL CORPORATION, DEFENDANTS

No. 9014SC1275

(Filed 17 December 1991)

**Compromise and Settlement § 5 (NCI4th) — rental car accident — settlement — fraud and good faith**

The trial court erred by granting plaintiff's motion for judgment on the pleadings under N.C.G.S. § 1A-1, Rule 12(c) in an action against Hertz which arose from a previous wrongful death suit for the death of plaintiff's husband. Plaintiff settled that action for $2,115,000, without the participation of Hertz or Zurich Insurance Company, and with the defendant rental car driver's exposure limited to $115,000, the total of his primary insurance coverage. The Zurich Insurance Company and plaintiff settled and plaintiff brought this action to recover a one million dollar judgment against Hertz, which had an agreement with IBM, the driver's employer, to provide $1,000,000 liability protection for IBM employees renting cars from Hertz. The trial court erred by granting judgment on the pleadings because the pleadings raise a material issue of fact concerning whether the amount of the settlement in the first action and the circumstances surrounding it were reasonable and made in good faith.

**Am Jur 2d, Compromise and Settlement §§ 27, 29.**

## DANIELS v. HERTZ CORP.

[104 N.C. App. 700 (1991)]

APPEAL by defendant from judgment entered 14 June 1990 by *Judge George R. Greene* in DURHAM County Superior Court. Heard in the Court of Appeals 27 August 1991.

This case arises from a previous wrongful death suit in which plaintiff's husband was killed (*Daniels v. Thomas*, Durham County No. 88 CVS 1239). As a result of that suit, plaintiff settled with defendant Thomas for a total of $2,115,000 but limiting Thomas' personal exposure to $115,000, the total of his primary insurance coverage. Of the total settlement amount, the defendant in the present action, The Hertz Corporation (Hertz) was held to be responsible for one million dollars as the insurer for the rental car driver who negligently caused the accident (Thomas). Hertz and Zurich Insurance Company each provided one million dollars in excess liability protection for Thomas, whose personal insurance company provided coverage of $15,000 with the rental car having coverage with a limit of $100,000. Neither Hertz nor Zurich participated in the settlement and subsequent entry of judgment.

After the settlement in the *Daniels v. Thomas* action, plaintiff brought this action to recover the one million dollar judgment against defendant Hertz. On 14 June 1990, Judge Greene entered judgment on the pleadings under Rule 12(c) of the N.C. Rules of Civil Procedure in favor of plaintiff, and defendant gave proper notice of appeal. Zurich Insurance Company and plaintiff have settled. The Raleigh-Durham Airport Authority is not a party to this appeal.

From the judgment of 14 June 1990, defendant appeals.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams and Jerome P. Trehy, Jr.; and Mark J. Simeon, for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr. and R. Michael Strickland; and Spears, Barnes, Baker, Wainio, Brown & Whaley, by John C. Wainio, for defendant-appellant.*

ORR, Judge.

The dispositive issue on appeal is whether the trial court erred in granting plaintiff's judgment on the pleadings under Rule 12(c) of the N.C. Rules of Civil Procedure. For the following reasons, we hold that the trial court erred in its order of 14 June 1990, and therefore remand.

DANIELS v. HERTZ CORP.

[104 N.C. App. 700 (1991)]

The pleadings in this case establish the following:

### The Present Action

On 19 January 1990, plaintiff filed this action against Hertz to recover $1,000,000 for breach of contract, unfair and deceptive trade practices, punitive damages, violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, breach of contract against defendant Zurich and for specific performance against defendant Raleigh Durham Airport Authority. Zurich has subsequently settled with Daniels, and the Airport Authority is not a party to this appeal. Plaintiff subsequently filed a motion for judgment on the pleadings under Rule 12(c) of the North Carolina Rules of Civil Procedure.

This motion was heard before Judge Greene on 11 June 1990. Judge Greene entered his judgment in plaintiff's favor solely on the issue of Hertz's liability to plaintiff for $1,000,000 for breach of contract. Judge Greene further certified that there was "no just reason for delay" and that the judgment was immediately appealable. Hertz subsequently appealed.

The parties briefed the issue of whether the appeal was interlocutory before the Court. After reviewing the briefs and the evidence of record, we conclude that the appeal is not interlocutory and will therefore address the merits.

Under N.C. Gen. Stat. § 1A-1, Rule 12(c) (1990), a party moving for judgment on the pleadings must establish that no material issue of fact exists and that he is entitled to judgment as a matter of law. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 353 S.E.2d 269 (1987). For the purposes of such motion, the movant is deemed to admit all factual allegations in the non-movant's pleadings except those inadmissible in evidence or legally impossible. *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 359 S.E.2d 792 (1987). Under the rule, the trial court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the nonmoving party. *Newbold v. Globe Life Ins. Co.*, 50 N.C. App. 628, 274 S.E.2d 905 (1981). The trial court may consider only the pleadings and any attached exhibits, which become part of the pleadings. *Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984).

The pleadings, viewed in the light most favorable to Hertz, establish the following facts:

**DANIELS v. HERTZ CORP.**

[104 N.C. App. 700 (1991)]

*The Underlying Action*

The amended complaint in the underlying action alleged that plaintiff's intestate was killed as the result of Thomas' negligent driving. At the time of the accident, Thomas, an IBM employee, was driving a car rented from Hertz pursuant to an agreement between IBM and Hertz. IBM's contract with Hertz obligates Hertz to provide $1,000,000 liability protection for IBM employees renting defendant's cars. The agreement provides in pertinent part:

1. STATEMENT OF AGREEMENT

IBM shall recommend to its employees that they use Hertz as the primary Supplier for . . . automobile rentals.

. . .

This Agreement contains the entire understanding of the parties with respect to the subject matter hereof and is intended as a final expression of their agreement and a complete statement of the term [sic] thereof, and shall not be modified, except in writing, signed by the parties hereto.

. . .

4. RENTAL AGREEMENT

The form of the Rental Agreement in use by Hertz at the time and place of each rental (hereinafter call [sic] the Rental Agreement) shall be signed by each IBM renter.

In the event of any conflict between the terms and conditions of the Rental Agreement a copy [sic] which is attached as Appendix E and the terms and conditions of this Agreement, the provisions most favorable to the IBM renter, to IBM, or such other person authorized to operate or use the rented automobile, shall apply.

. . .

30. APPLICABLE LAW

This Agreement shall be governed by the laws of the State of New York.

. . .

The insurance override agreement, attached to the contract states:

Notwithstanding any contrary provisions contained in any Rental Agreement which may be signed by an employee of [IBM], it is expressly understood and agreed that . . . [Hertz] will provide liability coverage for Company, . . . .

. . .

a) *In the United States*: For each accident $1,000,000 combined single limit for public liability including bodily injury and death liability. . . .

Hertz denied its liability coverage to Thomas, and in a letter to defendant Zurich, declined to defend Thomas because it determined that Hertz's licensee (U-Drive-It Auto Company) was obligated to defend Thomas. Hertz then requested its licensee to defend its interests in the *Daniels v. Thomas* action. At all times pursuant to the underlying action, Hertz refused to personally defend itself or Thomas and instead relied on its licensee to defend its interests.

The defense was handled by the two primary insurers, Prudential Insurance Company and Colonial Penn Insurance Company who retained an attorney, C. Douglas Fisher, to defend Thomas.

On 29 September 1989, Hertz was notified by letter from plaintiff's attorney that he would "seek to have Mr. Thomas stipulate as to the amount of damages which are owed in the case. As you are fully aware, a defendant has the absolute right to stipulate to the amount of damages which he owes as a result of negligence." Hertz admitted in its answer that it received notice in early December 1989 that Thomas' deposition would be taken on 6 December 1989.

On 6 December 1989, Thomas was deposed. Hertz did not send its legal counsel to the deposition. At the deposition, plaintiff submitted to Thomas a request for admissions. Thomas answered the request for admissions upon the advice of his attorney at the deposition. These admissions included acknowledgment of Thomas' negligence in causing the accident, Thomas' legal responsibility for the accident and an admission that plaintiff was entitled to recover $2,115,000 as actual damages in the wrongful death action.

On 7 December 1989, plaintiff filed a motion for summary judgment. On 7 December 1989, Thomas, Prudential, Colonial Penn and plaintiff entered into a settlement agreement whereby plaintiff would receive the primary insurance available from Prudential and Colonial Penn ($115,000) and Zurich and Hertz would be held liable

**DANIELS v. HERTZ CORP.**

[104 N.C. App. 700 (1991)]

to plaintiff for their additional coverage of $1,000,000 each. The Agreement purported not to release Thomas from his liability and in pertinent part, states:

> 4. The liability of Mr. Claude B. Thomas and/or U-Drive-it [sic] shall not exceed the application or coverage or protection provided by the insurance policy issued by Zurich American, in the amount of $1,000,000.00; the contractual obligation of Hertz, in the amount of $1,000,000.00; and/or the liability for Hertz, for fraud, bad faith, RICO, negligence, or for any other claim to the extent that Hertz has assets, coverage, or other means to satisfy all or part of any such verdict or settlement no matter what the amount of the verdict or settlement; however, in the unlikely event that the Zurich American Policy, [sic] is held after final judicial determination not to be applicable; and in the unlikely event that Hertz is held after final judicial determination not to have contractual obligations and/or other liability or responsibility, then the liability of Mr. Claude B. Thomas shall not exceed the $115,000.00 tendered to the Court; the intentions of all parties being that the Estate of Nathaniel Daniels, Jr. shall be entitled to recover up to the amount of liability coverage applicable in the case; and/or up to the amount of assets or other coverage of Hertz. Nothing in this Contract shall act as a release to the right of the Plaintiff and the Estate of Nathaniel Daniels, Jr., to pursue all rights, remedies and claims against Hertz and Zurich American for any damages to which Hertz or Zurich American may be liable . . . .
>
> 5. Nothing in this Contract purports to settle this claim on behalf of Hertz and/or Zurich American.
>
> 6. In the exercise of good faith, Colonial Penn and Prudential, have insisted upon the protection of their insured, Mr. Claude B. Thomas, and have insisted that to protect their insured, Mr. Claude B. Thomas, the Plaintiff's rights shall be coexistent with the obligations of Hertz and Zurich American to provide protection and/or insurance, or to otherwise be liable to satisfy any verdict rendered against their insured, Mr. Claude B. Thomas.
>
> . . .
>
> 10. The parties further acknowledge, that the Plaintiff shall have the right to proceed to take this claim to a verdict;

DANIELS v. HERTZ CORP.

[104 N.C. App. 700 (1991)]

and that the Plaintiff has waived no rights to any claims she may have against Hertz and/or Zurich American; and that she may enforce any final verdict or claims against Hertz and/or Zurich American.

On 7 December 1989, Judge Anthony M. Brannon granted plaintiff's motion for summary judgment against Thomas, finding that as a matter of law, Thomas was negligent and his negligence was the direct and proximate cause of plaintiff's intestate's death. The court then ordered that plaintiff "is entitled to actual damages in the amount of $2,115,000.00 . . . ." There is no mention in this order, the pleadings, or any of *defendant's* attached exhibits in the underlying action of Thomas' alleged negligence due to consumption of alcoholic beverages or drugs. The only mention of Thomas' alleged intoxication appears in Exhibit 8 of plaintiff's pleadings in a letter from Richard P. McEvily, Hertz's managing attorney, to Mary Vener, liability claim specialist for Zurich. In that letter, McEvily states, "it is our understanding that [Thomas] was originally charged with Driving While Intoxicated based upon a Blood Alcohol Count of .24, along with several more serious criminal charges . . . ." Hertz maintains that this is a violation of the rental agreement and therefore voids the coverage Hertz provides to its patrons.

Hertz argues that the trial court improperly granted the Rule 12(c) motion on three grounds: (1) that the settlement in the underlying action does not create an indemnification obligation for Hertz; (2) that the settlement in the underlying action was the product of collusion and was unreasonable; and (3) that the IBM-Hertz agreement does not provide liability protection for IBM employees operating Hertz rental cars while intoxicated.

Hertz now argues each of these defenses and asks this Court to rule on each. Our role, however, under Rule 12(c) is to determine whether the pleadings, viewed in the light most favorable to Hertz, raise a material issue of fact. If so, plaintiff is not entitled to judgment as a matter of law.

After reviewing the pleadings and applying the test under Rule 12(c), we hold that the pleadings raise a material issue of fact concerning whether the amount of the Daniels-Thomas settlement and the circumstances surrounding it were reasonable and made in good faith. We have considered Hertz's other arguments and find them to be without merit.

**DANIELS v. HERTZ CORP.**

[104 N.C. App. 700 (1991)]

In its pleadings, Hertz answered, *inter alia*, that the settlement was the result of a collusive arrangement; that plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver and/or estoppel; that Thomas' lawyer permitted him to sign objectionable requests for admissions purporting to bind Hertz to liability; that Thomas stipulated to his liability and consented to the entry of judgment against him in the exact amount of allegedly available insurance coverage ($2,115,000) although actual damage to the plaintiff was less than that amount; that Hertz first heard of the settlement upon receipt of the complaint in the present action; that Hertz was misled and deceived by the representations and actions of Thomas' attorney that he was protecting Hertz's interests as well as Thomas' when he was in fact scheming and colluding with attorneys for the plaintiff to have a judgment entered in the underlying action which prejudiced the rights and interests of Hertz; and that plaintiff's attorneys orchestrated, on behalf of the plaintiff, a collusive agreement. Hertz further alleged that plaintiff allowed the time for appeal to run before it notified Hertz of the agreement.

Under N.C. Gen. Stat. § 1A-1, Rule 8(c):

> *Affirmative defenses.*— In pleading to a preceding pleading, a party shall set forth affirmatively . . . , estoppel, . . . , fraud, illegality, . . . , laches, . . . , waiver, and any other matter constituting an avoidance or affirmative defense. Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved. . . .

We hold that the above pleadings are sufficient under Rule 8(c) to raise the affirmative defense of fraud or illegality of the settlement agreement, and that judgment on the pleadings was improper.

We note, moreover, the reasonableness of the settlement agreement concerned Judge Greene at the hearing on the Rule 12(c) motion. Although Judge Greene questioned the reasonableness of the amount of the settlement, he never determined whether or not there was a question of a good faith settlement, or whether there was fraud or illegality involved. Judge Greene determined that he would grant plaintiff's Rule 12(c) motion, but also stated, in the context of encouraging settlement to the case, "I cannot

sit here in good conscience and say that this case is worth two million one hundred and fifteen thousand dollars. That bothers me." At another point, Judge Greene described the settlement amount as "excessive." We are mindful that Judge Greene could not overrule Judge Brannon's explicit approval of the settlement agreement, but Hertz's pleadings raise, at a very minimum, a question of fact concerning the reasonableness and legality of the settlement. Hertz now has the burden of showing lack of good faith. *Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E.2d 769 (1970) (the party asserting lack of good faith had the burden of showing such).

Taking Hertz's allegations as admitted by plaintiff as we are required to do under Rule 12(c), we hold that the trial court erred in granting plaintiff's motion to dismiss on the pleadings under Rule 12(c). Therefore, we reverse and remand for trial.

Reversed and remanded.

Judges COZORT and LEWIS concur.