GRAYWATER TRADERS, INC., PLAINTIFF
v.
B & B ON THE BEACH, INC., DEFENDANT
No. COA06-1612
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Sharp, Michael, Outten & Graham, L.L.P., by David R. Tanis for Plaintiff-appellant.
Aldridge, Seawell, Spence & Felthousen, L.L.P., by W. Mark Spence for Defendant appellee.
WYNN, Judge.
Judgment on the pleadings is a summary procedure and "the movant is held to a strict standard and must show that no material issue of fact exists."[1] Because we hold that the pleadings, which includes the alleged contract, are sufficient to allege the existence of a contract, we reverse the trial court's dismissal of this matter on the pleadings. However, we affirm the trial court's dismissal of the unfair and deceptive trade practices claim because the Plaintiff failed to allege any acts beyond the mere breach of a contract. The relevant facts show that in September of 2001, Plaintiff Graywater Traders Incorporated ("Graywater") entered into an agreement to provide linen and laundry services to Defendant B & B on the Beach, Inc. ("B & B"). The contract was effective for a term of five years, commencing on 1 April 2002 and expiring on 30 April 2007.
The parties complied with the terms of the agreement, until Graywater contacted B & B concerning pricing and logistics for the 2006 season and was informed by B & B that its services would not be required for the rental season. Thereafter, Graywater filed an action against B & B alleging breach of contract and unfair and deceptive trade practices.
Following an answer by B & B, the trial court granted B & B's motion for judgment on the pleadings under Rule 12(c) on the breach of contract claim, and dismissed the unfair and deceptive trade practices claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Graywater appeals from the dismissal of its claims of (I) breach of contract and (II) unfair and deceptive trade practices.

I.
Graywater first argues that the trial court erred by granting B & B's motion for judgment on the pleadings. We agree.
"A motion for judgment on the pleadings, or a Rule 12(c) motion, is proper when all the material allegations of fact are admitted on the pleadings and only questions of law remain." DeTorre v. Shell Oil Co., 84 N.C. App. 501, 504, 353 S.E.2d 269,271 (1987) (citation omitted). The moving party "must show, even when viewing the facts and permissible inferences in the light most favorable to the nonmoving party, that he is clearly entitled to judgment as a matter of law." Id. (citation omitted). Furthermore, "[b]ecause judgment on the pleadings is a summary procedure and the judgment is final, the movant is held to a strict standard and must show that no material issue of fact exists." Id. (citation omitted).
A judgment on the pleadings is not favored by law and "[t]he mere fact that a party's case may be weak and the party unlikely to prevail on the merits will not make judgment on the pleadings appropriate." Pipkin v. Lassiter, 37 N.C. App. 36, 39, 245 S.E.2d 105, 106 (1978)(citation omitted). Our review of this motion is de novo. See Toomer v. Branch Banking and Trust Co., 171 N.C. App. 58, 66, 614 S.E.2d 328, 355, disc. review denied, 360 N.C. 78, 623 S.E.2d 263 (2005).
Here, Graywater alleged that it entered into a contract for a specific term of five years to provide linen and laundry services to B & B. The agreement, attached to Graywater's complaint, outlined the required services, the estimated amount of laundry to be processed, the time period when B & B could use its own facilities, the price for pick up, delivery, and processing, and the criteria for price increases.
Nevertheless, B & B contends the agreement was "illusory" because there is no definite quantity as to the amount of laundry, and the price could be changed at the sole discretion of Graywater. Regarding quantity, B & B argues because the "alleged contract expressly provides that Defendant makes no guarantee as to any particular amount of laundry it will supply," no valid contract exists. The alleged contract provided that,
. . . the parties acknowledge that the quantity of laundry will vary during the calendar year. The quantity of laundry discussed within this paragraph is understood to be an estimate to be used for planning for the capacity and availability of equipment and does not constitute a guarantee on the part of B & B on the Beach to require services for my specific quantity of laundry[;]
B & B cites to Great Northern R. Co. v. Witham, L.R. 9 C.p. 16 (1873), for the proposition that a quantity is a material term of a contract and without the quantity the contract is unenforceable. However, that 134-year-old case from England is not binding on this Court.
B & B also cites Williamson v. Miller, 231 N.C. 722, 58 S.E.2d 743 (1950), wherein our Supreme Court held that the missing quantity terms rendered the contract unenforceable. However, Williamson dealt with the sales of goods whereas the alleged contract in this matter concerns the provision of services.
Here, while the alleged contract did not specify the quantity of services to be rendered, B & B had a duty to act in good faith in order to comply with the intent of the contract which was to provide laundry services. See Calamari and Perillo on Contracts § 11.38(a) (5th ed. 2003) ("In the area of indefiniteness where a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise the discretion in good faith and in accordance with fair dealing.") (internal quotation omitted). Indeed, the heart of the contract was to provide linen and laundry service which included the material terms indicating the type of services to be provided and the price of such services. The pleadings, which include the contract, sufficiently alleged facts to show that these requirements were met.
Regarding price, B & B argues that the price was to be determined by Graywater and without this material term, there was no contract. We disagree.
The alleged contract specifically set out the pricing guidelines for the linen and laundry services:
The price for pick up, delivery, and processing of laundry will be $.56 per pound for wrapped sheets and linen and $0.49 per pound for towels. This price includes making and wrapping bed sets as stated above. Any loose or rewash [sic] linen not able to be returned in a complete set will be processed at a rate of $.55 per pound.
Additionally, the contract provided that the price could be increased by Graywater if: (1) advance notice of the increase specific to the operating expenses is provided to Defendant before the start of the quarter and (2) Graywater incurs increased cost of fuel, electricity, water, sewage, or other utility cost. However, the price will be increased by 2.5% annually or increased in conformity with "the Consumer Price Index as published by the United States Department of Labor, whichever is greater[.]" Furthermore, the increases were capped at no more than 5% annually and the increase must be provided to B & B no later than 15 August of the previous year in consideration of B & B's budget.
Based on the alleged contract, the pricing term was not left solely to the discretion of Graywater as contended by B & B. Graywater was required to provide B & B with specific operating expenses that would justify the increase. Moreover, the increases were capped and there was a deadline for notification of price increases. The price was definitive, therefore, the contract does not fail on this basis.
In sum, we hold the trial court erred by granting the motion for a judgment on the pleadings on Graywater's claim for breach of contract.

II.
Graywater further argues that the trial court erred by granting B & B's motion to dismiss its unfair and deceptive trade practices claim. We disagree.
"On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted." Wood v. Guilford Cty., 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002). Dismissal pursuant to Rule 12(b)(6) is proper if "(1) the complaint on its face reveals that no law supports the . . . claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the . . . claim." Id. This Court reviews dismissal of a complaint pursuant to N.C. Gen. Stat.§ 1A-1, Rule 12(b)(6), de novo. Acosta v. Byrum, ___ N.C. App. ___, 638 S.E.2d 246 (2006).
An unfair act or practice is one in which a party engages in conduct which amounts to an inequitable assertion of its power or position. Southeastern Shelter Corp. v. BTU, Inc., 154 N.C. App. 321, 330, 572 S.E.2d 200, 206 (2002). "It is well recognized . . . that actions for unfair and deceptive trade practices are distinct from actions for breach of contract . . . and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." Id. (citing Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, disc. review denied, 332 N.C. 482, 421 S.E.2d 350 (1992)). In order
[t]o recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract. It is 'unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations.'
Id. (quotingBroussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998).
Here, Graywater maintains that it relied on the contract with B & B in order to expand its facilities. Graywater argues that this reliance establishes the aggravating circumstance which gives rise to the unfair and deceptive trade practices claim. We disagree. This Court has held that a breach of contract can give rise to unfair and deceptive practices claim under circumstances that can be characterized as extreme. See Garlock v. Henson, 112 N.C. App. 243, 246, 435 S.E.2d 114, 115 (1993) (holding that the defendant's conduct was sufficiently aggravating when he misled the plaintiff about the sale of a bulldozer and deprived the plaintiff of his money for three years.).
Here, Graywater does not contend beyond the mere breach of the contract that B & B committed an unfair and deceptive trade practice. Indeed, any damages caused by the loss of revenue and reliance on the contract for the expansion of the business arose from the breach of the contract itself, not from an aggravating act. Accordingly, we affirm the trial court's dismissal of the unfair and deceptive trade practices claim.
Reversed in part, affirmed in part.
Judges HUNTER and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] DeTorre v. Shell Oil Co., 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987) (citation omitted).