G. F. TALBOT v. W. J. TYSON.

(Filed 1 April, 1908).

1. Objections and Exceptions—Appeal and Error—Receivers.
    When there is no exception taken at the time of or appeal from an order of court appointing a receiver, the receivership continues in full force.

2. Appeal and Error — Receivers — Allowance — Excessive — Wrong Principle.
    When the order of the court below allowing an amount to a receiver for services as such is appealed from and there is no suggestion that the amount was excessive or based upon a wrong principle, the order will not be disturbed.

3. Claim and Delivery—Action in Superior Court—Revisal, sec. 1995.
    When parties, landlord and tenant, have an adequate remedy by claim and delivery, but do not resort to it, they may bring an action in the Superior Court to determine the matters in controversy. Revisal, sec. 1995.

ACTION tried before *Jones, J.,* at chambers, 20 November, 1907, from CUMBERLAND.

Defendant appealed. The facts are stated in the opinion.

*Robinson & Shaw* and *Sinclair & Dye* for plaintiff.
*A. S. Hall* for defendant.

WALKER, J. This action was brought by the plaintiff as landlord against the defendant as his tenant, for the recovery of cotton, being a part of the crop grown on the land which had been leased. The plaintiff alleged that the defendant owed him for guano and supplies the sum of $240, and that the cotton was to be delivered at his ginhouse to be ginned and sold, and after paying the plaintiff the amount due him for fertilizers and supplies the balance was to be divided between them; that the defendant was disposing of the crop in violation of their agreement and was insolvent. He asked for the appointment of a receiver. The court appointed a receiver to take possession of the crop and retain it in his pos-

147—18

session, selling only so much as should be necessary to pay the expenses of gathering and keeping the same.   The defendant demurred to the complaint upon the ground that the cause of action as stated therein does not entitle the plaintiff to the appointment of a receiver.   The demurrer was overruled at October Term, 1907, and the court directed the receiver to deliver to the plaintiff one-half of the crop and to the defendant the other half when the latter had executed a bond in the sum of $400, payable to the plaintiff, with proper conditions. The determination of the rights of the respective parties in the crop was reserved to the final hearing, with leave to the parties to amend the pleadings.   The defendant gave bond and received his share of the crop.   Defendant excepted to the above order.   The Judge, at chambers, after due notice to the parties, directed that the receiver retain $20.70 (it being one-half of the expense of gathering and caring for the crop) under the original order in the case, and that the plaintiff pay to the receiver a similar amount, with leave to each of the parties to except to the report of the receiver.   The order was made without prejudice to the rights of the parties, which were left to be determined at the final hearing.   The defendant excepted to this order and appealed.

We can discover no error in the order of the court.   The receiver had been originally appointed, apparently, without any exception by the defendant.   But, assuming that he did except, there was no appeal taken at the time, and the order of the court appointing the receiver continued in full force. Conceding for the sake of argument that, by a proper construction of *Bank v. Bank,* 126 N. C., 531, an appeal will lie from an interlocutory order of the kind made by the Judge in this case, and is not therefore fragmentary, there is no suggestion that the amount allowed the receiver for his services is based upon a wrong principle or is clearly excessive.   *Bank v. Bank, supra.*   We cannot at this stage of the case review the former order of the Judge appointing the receiver, as

there was no appeal from that order at the time it was made, and its correctness is not a question now presented to us for decision. In this appeal we are confined to the allowance of commissions.

Mr. Hall submitted an able and interesting argument to show that the plaintiff could not resort to an equitable action when he had a plain and adequate legal remedy for the possession of the crop, with the ancillary or provisional remedy of claim and delivery, but we find that the statute (Revisal, sec. 1995) provides that an action may be brought in the Superior Court to settle and determine any matters in controversy between the parties if neither party avails himself of the remedy by claim and delivery given in sections 1993 and 1994.

As we have discovered no error therein, we must affirm the ruling of the court.

No Error.