HOWARD K. STANCIL v. BRUCE STANCIL REFRIGERATION, INC., BRUCE STANCIL, SARAH BARNES AND EVA STANCIL

No. 857SC1309

(Filed 1 July 1986)

1. **Corporations § 3.1; Process § 2— corporate directors—disputed election—insufficient service of process—waived**

    Respondents in a disputed election of corporate directors waived their right to challenge personal jurisdiction based on insufficient service of process where they each received a copy of the petition and notice of hearing required by N.C.G.S. § 55-71 more than ten days prior to the hearing; they filed a joint response to the petition which did not assert any defense of insufficiency of service of process; and they appeared at the hearing and participated fully. N.C.G.S. § 1A-1, Rule 4(j), Rule 12(h)(1).

2. **Corporations § 3.1; Parties § 8; Rules of Civil Procedure § 19— election of corporate directors—alleged director not named in notice—may not be first raised on appeal**

    Respondents in a disputed election of corporate directors could not assert for the first time on appeal that the trial court lacked subject matter jurisdiction because one of the directors alleged to have been elected was not named in the title of the proceeding as required by N.C.G.S. § 55-71(d)(1). The defense of failure to join a necessary party may not be asserted for the first time on appeal. N.C.G.S. § 1A-1, Rule 12(h)(2), Rule 12(h)(3).

3. *Corporations § 3— election of directors—cumulative voting—no error*

    The trial court did not err in a non-jury proceeding arising from a disputed corporate directors election by finding and concluding that petitioner was entitled to vote his shares cumulatively and that the two nominees for which he voted were elected. The fact that a recess was not taken after petitioner announced his intention to vote his shares cumulatively was due to the conduct of respondent, who suffered no prejudice from the failure to call a recess.

**4. Corporations § 3.1— disputed election of directors—powers of trial court**
>   The trial judge acted well within the powers granted him by N.C.G.S.
> § 55-71 in a proceeding arising from a disputed corporate directors election by
> holding that two directors had been elected and ordering that another election
> be held to elect a third director.

APPEAL by respondents from *Winberry, Judge.* Order entered 16 September 1985 in Superior Court, WILSON County. Heard in the Court of Appeals 16 April 1986.

Bruce Stancil Refrigeration, Inc. is a North Carolina business corporation with its registered office and principal place of business in Wilson County, North Carolina. All of the capital stock of the corporation, consisting of a total of 25,000 shares outstanding, is owned by petitioner, Howard K. Stancil, and his brother, Bruce Stancil, a respondent in this proceeding. Prior to 7 June 1985, Bruce Stancil was president of the corporation, Howard Stancil was its secretary, and the three member board of directors was composed of Bruce Stancil, Howard Stancil, and Eva E. Stancil, who is Bruce Stancil's wife.

On 7 June 1985, the corporation held its annual shareholders' meeting, pursuant to its by-laws and due notice. One of the stated purposes of the meeting was the election of a board of directors for the ensuing year. During the course of the meeting, a dispute arose concerning the manner in which the election was conducted, with Howard Stancil contending that he and his wife Clara Stancil had been elected to the board of directors, and Bruce Stancil contending that no directors had been elected and, therefore, that the previous directors would continue to serve.

On 9 August 1985, Howard Stancil filed a petition, pursuant to G.S. 55-71, seeking a judicial determination of the controversy and an order declaring that he and Clara Stancil had been elected as two of the three directors of respondent corporation. By their response, respondents sought an order declaring that no election had taken place at the 7 June meeting and directing that another meeting be held to elect directors.

A hearing was conducted on 23 August 1985. From the evidence presented at the hearing, Judge Winberry found facts, *inter alia,* as follows:

8. At the time of the annual meeting there were 25,000 shares of stock outstanding in the corporation; owned 12,500 shares of stock (50%) by the Respondent, Bruce Stancil, and 12,500 shares of stock (50%) by the Petitioner, Howard K. Stancil.

9. The proceedings at the annual meeting were tape recorded by consent of all parties and the transcript of the recording attached to the Petitioner's petition herein is a fair and accurate transcription of the proceedings had at the annual meeting, as appears from the testimony at this hearing of both the Petitioner, Howard K. Stancil, and the Respondent, Bruce Stancil.

10. The Respondent, Bruce Stancil, without a majority vote or consent, asserted his "right" to act as chairman of the meeting and in fact conducted the proceedings at the meeting, acting with and upon the advice and consultation of his attorney, Wiley L. Lane, Jr.

11. Bruce Stancil asserted that the first order of business would be the election of three directors, as required by the by-laws, for the ensuing fiscal year.

12. At the first mention of the election of directors, the Petitioner, Howard K. Stancil, announced his intention to vote his shares of stock cumulatively, and requested that the voting be done by written ballot as required by Article III, Section 1 of the by-laws of Respondent corporation.

13. The acting chairman, upon the advice of counsel, refused the Petitioner's request to vote by ballot and then called for nominations for director.

14. The Respondent, Bruce Stancil, nominated Bruce Stancil, Sarah Barnes and Eva Stancil. The Petitioner, Howard K. Stancil, nominated Howard K. Stancil, Clara Stancil and Henry Babb.

15. The Respondent, Bruce Stancil, cast his votes for his nominees for director as follows:

| | |
|---|---|
| Bruce Stancil | 12,500 Votes |
| Sarah Barnes | 12,500 Votes |
| Eva Stancil | 12,500 Votes |

The Petitioner, Howard K. Stancil, cast his votes for his nominees for director as follows:

| | |
|---|---|
| Howard K. Stancil | 18,750 Votes |
| Clara Stancil | 18,750 Votes |
| Henry Babb | 0 Votes |

16. The Respondent, Bruce Stancil, after casting 12,500 votes for each of his three nominees (totaling 37,500 votes as allowed by law), purported to cast an additional 18,750 votes against Howard K. Stancil and 18,750 votes against Clara Stancil.

17. There is no provision in the North Carolina Business Corporation Act providing for the casting of shareholder votes against a nominee for director, and the purported "votes" cast by the Respondent, Bruce Stancil, subsequent to the casting of his affirmative votes totaling 37,500 for his three nominees, were void and of no lawful effect.

18. Bruce Stancil, Sarah Barnes and Eva Stancil, all being Respondents herein and recipients of 12,500 votes each, failed, as to each of them, to receive a plurality of the votes cast, as required by G.S. 55-67(c), and were not lawfully elected as directors of the Respondent corporation.

19. Bruce Stancil, Sarah Barnes and Eva Stancil, Respondents herein, having failed to be lawfully elected as directors of the Respondent corporation for the fiscal year 1985-1986, were without lawful authority to act, either individually or in concert, as directors for or in behalf of the Respondent corporation subsequent to the meeting on June 7, 1985.

20. The requirements of G.S. 55-67(c) with respect to cumulative voting were fully met, in that:

a. The Petitioner, Howard Stancil, announced his intent to vote his shares cumulatively as required by law;

b. Both the Respondent, Bruce Stancil, who owns 50% of the stock outstanding, and the Petitioner, Howard Stancil, who owns 50% of the stock outstanding, and their respective counsel, stipulated and agreed at the meeting that there were 25,000 shares of stock eligible to vote, owned

Stancil v. Bruce Stancil Refrigeration, Inc.

12,500 shares by Bruce Stancil and 12,500 shares by Howard Stancil.

c. While the record does not reflect that a recess was taken, there is no prejudice to any party, in that:

1. There were only two stockholders of the Respondent corporation, both of whom owned 50% of the outstanding shares, and both of whom were present at the annual meeting which is the subject of this cause;

2. Both stockholders were represented by counsel at the meeting which is the subject of this cause;

3. The Respondent, Bruce Stancil, owner of 50% of the shares entitled to vote at the annual meeting, had asserted his right to act as chairman of and was in fact acting as chairman of and running the annual meeting according to his own dictates and upon the advice of his counsel;

4. The Respondent, Bruce Stancil, 50% stockholder in the Respondent corporation, acted as chairman of the annual meeting with the advice of competent counsel, and had asserted his dominion and control over its proceedings; and had the opportunity and right to declare a recess, had he deemed such to be necessary, and was not prejudiced by his failure to do so.

21. The nominees of the Petitioner, Howard Stancil, being Howard Stancil and Clara Stancil, having each received 18,750 votes, a plurality of votes cast as required by G.S. 55-67(c), were duly elected as two of the three directors of the Respondent corporation.

22. The bylaws of the Respondent corporation require the election of a third director who should be elected from among the three nominees of the Respondent, Bruce Stancil; i.e., Bruce Stancil, Sarah Barnes or Eva Stancil.

Judge Winberry concluded that Howard Stancil and Clara Stancil had been validly elected to the board of directors of respondent corporation on 7 June 1985, and that neither Bruce Stancil, Eva Stancil or Sarah Barnes had been elected. Based on the findings and conclusions, Judge Winberry declared that Howard Stancil

and Clara Stancil were entitled to act as directors of the corporation. He ordered that the election of the third director be conducted on 23 September 1985 in the office of and under the supervision of the Clerk of Superior Court of Wilson County. He also fixed the voting rights of each stockholder with respect to the election of the third director. Respondents appealed.

*Narron, Holdford, Babb, Harrison & Rhodes, by Henry C. Babb, Jr., for petitioner appellee.*

*Lane and Boyette, by Wiley L. Lane, Jr., and Lee, Reece & Weaver, by Cyrus F. Lee, for respondents appellants.*

MARTIN, Judge.

Although respondents argue six assignments of error in their brief, this appeal essentially presents only two issues: whether the trial court had jurisdiction to act in this matter, and, if so, whether its order, declaring that Howard Stancil and Clara Stancil had been validly elected as directors and ordering that a new election be conducted solely for the purpose of electing a third director, is correct. After considering each of the arguments advanced by respondents we affirm the order of the trial court.

[1] Respondents initially contend that the trial court did not obtain jurisdiction over their persons because they were not served with process in the manner provided by G.S. 1A-1, Rule 4(j). They candidly admit, however, that they may have waived this defect by their participation in the proceeding.

G.S. 55-71 provides a summary procedure for the resolution of disputes involving the election of corporate officers and directors. The proceeding is commenced by the filing of a verified petition, G.S. 55-71(c), and the issuance by the petitioner of a notice to the respondents named in the petition, designating a time and place for a hearing before a superior court judge. G.S. 55-71(e). The necessity for a summons is eliminated, but a copy of the petition and notice of hearing must be served on each respondent at least 10 days before the hearing. *Id.* Alternative methods of service are prescribed in the event a respondent cannot be served within the State. *Id.*

Assuming, without deciding, that the service required by G.S. 55-71(c) must be made in the manner required by Rule 4(j),

Stancil v. Bruce Stancil Refrigeration, Inc.

we hold that respondents have waived their right to challenge personal jurisdiction. Respondents each received a copy of the petition and notice of hearing from petitioner's counsel more than 10 days prior to the hearing. They filed a joint response to the petition requesting that the court declare the entire 7 June 1985 election void but did not assert any defense of insufficiency of service of process. Moreover, they appeared at the hearing and participated fully. They have, therefore, lost their right to assert that the court lacked jurisdiction over their persons. G.S. 1A-1, Rule 12(h)(1); *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974).

[2] Respondents also contend that the court had no jurisdiction over the subject matter of this dispute. G.S. 55-71(d)(1) requires that the petition include "the title of the proceeding, which shall include as respondents the corporation, the person or persons whose purported election or appointment is questioned, and *any person other than the petitioner, whom the petitioner alleges to have been elected or appointed*." (Emphasis added.) By the terms of the statute, the corporation and all persons whose election or appointment is at issue in the proceeding are necessary parties thereto.

In his petition, Howard Stancil alleged that he and Clara Stancil had been elected directors of respondent corporation at the disputed meeting; however, Clara Stancil is not named in the title of the proceeding as either a petitioner or as a respondent. Respondents contend that this omission deprived the trial court of jurisdiction over the subject matter of this dispute. We disagree.

Respondents did not assert, at any time during the proceedings below, any defense based upon the fact that Clara Stancil was not named in the title of the proceeding, nor did they seek her joinder as a party. They raise the issue for the first time in this Court. Although a defense of lack of subject matter jurisdiction may not be waived and may be asserted for the first time on appeal; G.S. 1A-1, Rule 12(h)(3); *Dale v. Lattimore*, 12 N.C. App. 348, 183 S.E. 2d 417, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 113 (1971); a failure to join a necessary party does not result in a lack of jurisdiction over the subject matter of the proceeding. 5 Wright and Miller, Federal Practice and Procedure: Civil § 1359

at 630 (1969) ("failure to join a party under Rule 19 is not a juris-dictional matter"). G.S. 1A-1, Rule 12(h)(2) provides, in pertinent part: "[A] defense of failure to join a necessary party, . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." The rule requires that a defense of failure to join a nec-essary party be raised in the trial court; it may not be asserted for the first time on appeal. Wright and Miller, *supra,* § 1392. Ac-cordingly, we overrule respondents' assignment of error based upon the failure of the petition to name Clara Stancil as a party to the procedure.

[3]  By their second and fourth assignments of error, respondents dispute the trial court's findings of fact with respect to Howard Stancil's exercise of his right to cumulatively vote his shares in the corporation and its conclusion, based on those findings, that Howard Stancil and Clara Stancil were elected as directors. Re-spondents concede that Bruce Stancil was not entitled to vote his shares "against" the opposing nominees and that the manner in which he sought to conduct the election was irregular. They main-tain, however, that as a result of these irregularities, no directors were elected at the meeting.

It is well established that in a non-jury proceeding, the trial court's findings of fact are conclusive on appeal if they are sup-ported by competent evidence. *Williams v. Pilot Life Insurance Company,* 288 N.C. 338, 218 S.E. 2d 368 (1975). The materials before the trial court at the summary hearing included the peti-tion, the response, the corporate charter and by-laws, and a ver-batim transcript of the 7 June 1985 meeting. In addition, both Howard Stancil and Bruce Stancil testified at the hearing. We have reviewed the evidence, all of which is included in the record before us, and we are satisfied that the trial court's findings of fact 9 through 16 accurately chronicle the 7 June 1985 meeting and are fully supported by the evidence. Although denominated as findings of fact, findings 18 through 22, all of which are ex-cepted to by respondents, actually contain mixtures of findings of fact and conclusions of law and are therefore reviewable on appeal to determine whether the facts found by the court are suf-ficient to support its conclusions that Howard Stancil properly ex-ercised his right to vote his shares cumulatively; that his nominees received a plurality of the votes cast; and that Bruce

Stancil's nominees were not elected. *Brown v. Charlotte-Mecklenburg Bd. of Education,* 269 N.C. 667, 153 S.E. 2d 335 (1967).

The right of cumulative voting in an election of corporate directors is granted by G.S. 55-67(c). The statute provides, in part, as follows:

> [D]irectors shall be elected by a plurality of the votes cast and at each election for directors every shareholder entitled to vote at such election shall have the right to vote, in person or by proxy, the number of shares standing of record in his name for as many persons as there are directors to be elected and for whose election he has a right to vote, *or to cumulate his votes by giving one candidate as many votes as the number of such directors multiplied by the number of his shares shall equal, or by distributing such votes on the same principle among any number of such candidates.* (Emphasis added.)

*Id.* The statute requires, however, that before the right of cumulative voting may be exercised, four things must be done: (1) a shareholder must announce in the open meeting, before the voting starts, that he intends to vote cumulatively; (2) upon such an announcement, the chair must declare that all shares have the right to vote cumulatively; (3) the chair must announce the number of shares present in person or by proxy; and (4) the chair must declare a recess of not less than one hour nor more than four hours, unless a different time period is unanimously agreed upon. *Id.*

The evidence shows, and the trial court found, that before the voting for directors began, Howard Stancil announced, through his attorney, that he intended to vote his shares cumulatively and requested that the vote be by written ballot, as provided by the by-laws. Bruce Stancil, who was acting as chairman, refused the request for vote by ballot and did not acknowledge the announcement of intention to vote cumulatively. He proceeded with the election without declaring a recess. Howard Stancil and Bruce Stancil were the only shareholders of the corporation and had stipulated, at the beginning of the meeting, that each owned 12,500 shares of stock. From these findings, it is apparent that the holders of all outstanding shares of the respondent corporation knew of Howard Stancil's intention to

vote his shares cumulatively, that all shares were therefore entitled to vote cumulatively, and knew the number of shares present at the meeting. The first three requirements of G.S. 55-67(c) were met. The fourth requirement, that of a recess, was not met. However, the trial court found that the requirement was not met due to the conduct of Bruce Stancil, and concluded that he had suffered no prejudice as a result of his failure to call a recess. We agree. The four requirements imposed by G.S. 55-67(c) for the exercise of cumulative voting are designed, among other things, (1) to prevent a shareholder, by a surprise announcement of his intention to vote cumulatively, from taking unfair advantage of other shareholders, and (2) to permit the shareholders an opportunity to determine how their votes may be distributed to their best advantage. Thus, the only person who could possibly have been prejudiced by the fact that no recess was taken after the announcement had been made was Bruce Stancil, whose duty it was, as chairman of the meeting, to declare the recess. He will not be permitted, by his own violation of the statute, to defeat his fellow shareholder's proper exercise of a right to vote cumulatively nor to void an otherwise valid election. We uphold, therefore, the trial court's conclusion that Howard Stancil was entitled to vote, and did vote, his shares cumulatively.

Having concluded that cumulative voting was proper, the outcome of the election may be ascertained by simple mathematics. Each shareholder was entitled to 37,500 votes (12,500 shares x 3 directors to be elected). Howard Stancil distributed 18,750 of his votes for himself and 18,750 for Clara Stancil, while Bruce Stancil distributed his votes equally among his three nominees, 12,500 votes for each. Thus, the trial court correctly concluded that Howard Stancil and Clara Stancil each received a plurality of the votes cast and were elected, while none of Bruce Stancil's nominees received a plurality of votes and were, therefore, not elected.

[4] Finally, by their three remaining assignments of error, respondents contend that the trial court exceeded its authority by declaring that Howard Stancil and Clara Stancil were elected directors of respondent corporation and ordering that another election be held to elect a third director. They argue that G.S. 55-71 is designed only to maintain the *status quo,* and cite us to our previous decisions in *Foreman v. Bell,* 56 N.C. App. 625, 289

S.E. 2d 567, *disc. rev. denied,* 306 N.C. 383, 294 S.E. 2d 207 (1982) and *Swenson v. All American Assur. Co.,* 33 N.C. App. 458, 235 S.E. 2d 793 (1977). Their reliance on these cases is misplaced. The provisions of G.S. 55-71(f) do provide for the entry of interlocutory orders to maintain the *status quo* and prevent "temporary corporate paralysis" pending a determination of the validity of the election. *Thomas v. Baker,* 227 N.C. 226, 229, 41 S.E. 2d 842, 844 (1947); *Foreman, supra; Swenson, supra.* However, G.S. 55-71(h) vests the court with broad powers to provide complete relief in its determination of the controversy.

G.S. 55-71.

(h) Upon completion of the hearing the judge, in determining the matter, may:

> (1) *·Declare the result of the election* or appointment in controversy;
>
> (2) *Order a new election* or appointment and may include in such order provisions with respect to the directors or officers who shall hold the contested offices until a new election is held or appointment is made;
>
> (3) *Determine the respective voting rights of the share-holders* and of persons claiming to own shares;
>
> (4) Direct such other relief as may be just and proper.

(Emphasis added.) Judge Winberry acted well within these powers in declaring the result of the contested election, ordering that a new election be conducted to complete the board of directors of respondent corporation, and determining the respective voting rights of the shareholders at that election.

The order appealed from is

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.