**HILLIARD v. HILLIARD**

[146 N.C. App. 709 (2001)]

PERRY H. HILLIARD AND WIFE, MILDRED L. HILLIARD, PLAINTIFFS v. WARREN PEETE HILLIARD AND WIFE, ANNE B. HILLIARD, AND PHILIP WAYNE KESLER, DEFENDANTS

No. COA00-1225

(Filed 6 November 2001)

**1. Easements— general warranty deed—rules of contract construction—plain language**

The trial court did not err by concluding as a matter of law that plaintiffs do not have a thirty-foot easement that in part crosses over the lot owned by defendants, because the trial court properly applied the rules of contract construction in interpreting the plain language of the general warranty deed that conveyed the land to plaintiffs and granted a 15-foot easement.

**2. Appeal and Error— font size violation—failure to file substitute brief—sanction—taxing costs against attorney**

Defense counsel is personally taxed with the costs of an appeal, not including attorney fees, as a sanction for his failure to comply with a direct order of the Court of Appeals requiring defendants to file a substitute brief in full compliance with N.C. R. App. P. 26(g) which requires a font size of 65 characters per line.

Appeal by plaintiffs from order entered 5 October 1999 by Judge Robert H. Hobgood in Superior Court, Warren County. Heard in the Court of Appeals 12 September 2001.

*Norman and Gardner by Larry E. Norman for Plaintiff-Appellants.*

*Marvin P. Rooker for Defendant-Appellees.*

WYNN, Judge.

This appeal arises from a land dispute between brothers, Perry H. Hilliard and Warren Peete Hilliard. Defendant Philip Wayne Kesler has made no appearance in this action and is not involved in this appeal.

The Hilliard brothers along with their other brothers and sisters were co-tenants of certain real property located in Warren County. In 1988, that property was partitioned under a special proceeding which,

pertinent to this appeal, resulted in the allocation of (1) a lot designated as Tract A-13 containing 2.261 acres to Ralph F. Hilliard who subsequently conveyed that lot to Warren Hilliard and his wife, Anne; and, (2) an adjacent lot designated as Tract A-12 containing 2.261 acres to Albert Hilliard who subsequently conveyed that lot to Perry Hilliard and his wife, Mildred. The conveyance of those two lots to the Hilliard brothers and their wives resulted in a dispute in which Perry and Mildred Hilliard brought this action for the establishment and declaration of an easement over the lot owned by his brother Warren and his wife, Anne.

After hearing the evidence without a jury, the trial court entered judgment finding that Perry and Mildred Hilliard were not entitled to an easement over the lot owned by Warren and Anne Hilliard. Perry and Mildred Hilliard appealed to this Court.

[1] The sole issue on appeal is whether the trial court erred in concluding as a matter of law that Perry and Mildred Hilliard do not have a thirty-foot easement that in part crosses over the lot owned by Warren and Anne Hilliard. We uphold the trial court's judgment.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) of the Rules of Civil Procedure requires a trial judge hearing a case without a jury to make findings of fact and conclusions of law. See *Gilbert Eng'g Co. v. City of Asheville*, 74 N.C. App. 350, 328 S.E.2d 849, *cert. denied*, 314 N.C. 329, 333 S.E.2d 485 (1985). *See also* N.C. Gen. Stat. § 1A-1, Rule 52 (a)(1) (1999).

> To comport with Rule 52(a)(1), the trial court must make a specific statement of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment. Rule 52(a)(1) does not require recitation of evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Curd v. Winecoff*, 88 N.C. App. 720, 722, 364 S.E.2d 730, (1988) (citation omitted). "Where the trial court sits as trier of facts, the trial court must (1) find the facts on all issues joined in the pleadings, (2) declare the conclusions of law arising on the facts found, and (3) enter judgment accordingly." *Whitfield v. Todd*, 116 N.C. App. 335,

338, 447 S.E.2d 796, 798, *cert. denied*, 338 N.C. 529, 453 S.E.2d 170 (1994). "It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992).

In the present case, the trial court made the following findings of fact:

1. That the Plaintiff, Perry H. Hilliard, and the Defendant, Warren Peete Hilliard, were parties to a partition proceeding in Warren County under file number 88 SP3 and that each party received a share of real estate in special proceedings; that the Report of Commissioners was filed on October 21, 1988, and the Amended Report of Commissioners was filed on January 23, 1989; that Ralph Hilliard, brother of Perry and Warren Hilliard, was apportioned tract A-13 in said proceedings and C. Albert Hilliard, brother of Perry and Warren Hilliard, was apportioned tract A-12 in said special proceeding.

2. Elmer W. Harris, James G. Elam, and Wilson Fleming, Commissioners, partitioned the real estate of Charlie White Hilliard into twelve equal shares, with provision under Item III of the Will of Charlie White Hilliard that McElree Hilliard, Warren P. Hilliard and Gilbert Lee Hilliard have their shares adjoin the lands which the testator had previously given them for home sites.

3. The Commissioners engaged Harry M. Williams, III, Registered Land Surveyor, to survey the land and to make division maps.

4. Tract A-13, containing 2.261 acres, more or less, was given a private easement of ingress, egress, and regress appurtenant, and running with the land, by whomsoever owned, measuring 30 feet in width, said width extending 15 feet on each side of the dividing line between Tract A-1 and Tract A-2 running from a point in the center of the right of way of State Road 1500, which beginning point is South 44 deg. 07 min. 24 sec. East 114.94 feet from the southernmost corner of Tract A-5, thence various metes and bounds to a point, the westernmost corner of Tract A-12 and the northernmost corner of Tract A-13.

5. Tract A-12, containing 2.261 acres, more or less, was given an identical private easement of ingress, egress and regress appur-

tenant, and running with the land, by whomsoever owned, measuring 30 feet in width, said width extending 15 feet on each side of the dividing line between Tract A-1 and Tract A-2 from the identical beginning point to the identical ending point as described in paragraph 4 above.

6. That on or about February 17, 1989, C. Albert Hilliard and wife, Dorothy S. Hilliard, conveyed Tract A-12 to Ralph Hilliard and wife, Mildred L. Hilliard, bought Tract A-12 from Ralph F. Hilliard and wife Elsie B. Hilliard, together with the same above-described easement as shown in Tract 2 of the warranty deed dated March 20, 1995, Plaintiffs' Exhibit 2.

7. The Defendants, Warren Peete Hilliard and wife, Anne B. Hilliard, bought Tract A-13 from Charles A. Hilliard and wife, Dorothy S. Hilliard, together with the same above described easement as shown in Tract 2 of the warranty deed dated March 8, 1989, Defendants' Exhibit 1.

8. Perry Hilliard presented a preliminary plat to subdivide his land (Tract A-12) into a trailer park to the Warren County Planning Board on October 3, 1995. Perry Hilliard asked for a 15 foot variance and depth requirement variance for his property so that he could put a trailer park on his property. The Warren County Planning Board disapproved the plat because it did not meet mobile home regulations (Defendants' Exhibit 5). That on or about January 15, 1996, the Plaintiffs conveyed a portion of Tract A-12 to the Defendant, Philip Wayne Kesler, by deed recorded at Book 615, Page 157 Warren County Registry, (Plaintiffs' Exhibit 3), without obtaining the approval of the Warren County Planning Board.

9. The Warren County Planning Board did not approve the plat of survey from which the deed referred to in paragraph 8 above was drawn. (Plaintiffs' Exhibit 4). The plat of survey dated August 31, 1995, (Plaintiffs' Exhibit 9, same as Defendants' Exhibit 2), was prepared by Harry M. Williams, III, Registered Land Surveyor, as a Preliminary Plat and was not intended by the surveyor for purposes of recording, sales or conveyance.

10. It was the clear intent of the Commissioners to provide both parcels, A-12 and A-13, with a 30 foot easement. This is the only rational inference from the length of the 30 foot easement shown on Plaintiffs' Exhibit 1. Elmer W. Harris, Commissioner, testified

that when the commissioners adopted the plat of survey, Plaintiffs' Exhibit 1, and made their report, it was their intent that Tracts A-12 and A-13 have the benefit of a 30 foot easement. Tracts A-1 and A-2 are each burdened with a 15 foot adjoining easement.

11. The Plaintiff, Perry H. Hilliard, intentionally attempted to mislead the Warren County Planning Board by making a false oral statement that a turning radius was acceptable to Warren Peete Hilliard and by presenting a plat containing a turning radius on Tract A-13 (Defendants' Exhibit 2). The oral statement of the Plaintiff, Perry H. Hilliard, and the plat containing a turning radius on Tract A-13 did not in fact mislead the Warren County Planning Board because the Board never relied on the statement of the Plaintiff or his plat of survey (Defendants' Exhibit 2) and never voted in favor of the Plaintiff.

Based on the findings of facts, the trial court concluded as a matter of law that:

1. This Court has jurisdiction [to] hear this matter.

2. The Plaintiffs can claim not greater title than they obtained by the warranty deed . . . The deed granted only a fifteen foot easement for the benefit of grantees at the point the easement adjoined the property line.

3. The Plaintiffs' claim for equitable relief must fail under the doctrine of unclean hands.

4. The Plaintiffs' only recourse to obtain additional 15 foot turning radius easement for Tract A-12 at the end of existing 30 foot easement is by purchase from the Defendants, Warren Peete Hilliard and wife, Anne B. Hilliard.

5. No predecessor in title to the Plaintiffs or Defendants objected to the Report of Commissioners which created the easement in question in Warren County Special Proceeding 88 SP 3.

"In an action for reformation of a written instrument, the plaintiff has the burden of showing that the terms of the instrument do not represent the original understanding of the parties and must do so by clear, cogent and convincing evidence." *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 651, 273 S.E.2d 268, 270 (1981). "There is always a strong presumption in favor of the correctness of the instrument as written and executed, for it must be assumed that the parties knew what they had

agreed, and have chosen fit and proper words to express that agreement in its entirety." *Clements v. Life Ins. Co. of Virginia*, 155 N.C. 57, 61, 70 S.E. 1076, 1077 (1911).

> An easement deed, such as the one in the case at bar, is, of course, a contract. The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made . . . The intention of the parties is to be gathered from the entire instrument and not from detached portions. . . .

*Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962).

After careful review of the record, there is no dispute that the general warranty deed that conveyed the land to Perry and Mildred Hilliard granted a 15-foot easement. "When an easement is created by an express conveyance and the conveyance is 'perfectly precise' as to the extent of the easement, the terms of the conveyance control." *Williams v. Abernethy*, 102 N.C. App. 462, 464-65, 402 S.E.2d 438, 440 (1991) (quoting Restatement of Property § 483 comment d, at 3012 (1944)). We hold that the trial court properly applied the rules of contract construction in interpreting the plain language of the deed that grants a 15-foot easement for Tracts A-12 and A-13.

[2] Finally, we point out that defendants' brief contained more than 65 characters per line. "N.C.R. App. P. 26(g), as interpreted by *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996), requires a font size of 65 characters per line." *Atlantic Veneer Corp. v. Robbins*, 133 N.C. App. 594, 597-98, 516 S.E.2d 169, 172 (1999); see also N.C.R. App. P. 26(g) (1999). Defendants were notified of this violation in an Order from this Court that ordered defendants to file a substitute brief in full compliance with Rule 26(g). Defendants failed to file a substitute brief. An appellate court may impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with these appellate rules. *See* N.C.R. App. P. 25 and 34 (1999). If this was only a matter of a font size violation, we would be inclined to ignore the violation. However, the failure to comply with a direct order of this Court is unacceptable to this Court. Accordingly, for failing to follow the specific Order of this Court to file a substitute brief in compliance with Rule 26(g), we tax the costs of this appeal, not including attorney's fees, personally against the counsel for the defendants—not against the defendant parties.

For the reasons stated above, the judgment of the trial court is,

Affirmed.

Judges HUNTER and TYSON concur.