WANDA M. GORE, Plaintiff v. NATIONSBANC INSURANCE COMPANY, INC.,
Defendant

No. COA02-324

(Filed 15 October 2002)

**Insurance— accident and health—monthly benefit payments—
motion for judgment on the pleadings**

The trial court did not err in a breach of contract case arising
out of an accident and health insurance policy issued by defend-
ant insurance company to plaintiff by granting defendant's
motion for judgment on the pleadings on the issue of the term of
monthly benefit payments, because: (1) even when the policy is
read in the light most favorable to plaintiff, there is no ambiguity;
and (2) the contract of insurance plainly and explicitly limited the
term of monthly benefit payments to thirty-six months.

Appeal by plaintiff from order entered 11 January 2002 by Judge
Herbert O. Phillips, III, in New Hanover County Superior Court.
Heard in the Court of Appeals 7 October 2002.

*Johnson & Lambeth, by Maynard M. Brown, for plaintiff
appellant.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by John H.
Capitano, for defendant appellee.*

McCULLOUGH, Judge.

This is a breach of contract claim arising out of an accident and
health insurance policy issued by Nationsbanc Insurance Company,
Inc. (Nationsbanc), to plaintiff Wanda M. Gore. The facts leading to
the lawsuit are as follows: In May 1995, plaintiff Gore and her hus-
band refinanced their home. As part of the refinancing, Nationsbanc
sold plaintiff an accident and health insurance policy. Under the
terms of the policy, if plaintiff became totally disabled during the
term of the policy, Nationsbanc would pay "Accident and Health
monthly benefits" equal to the amount of plaintiff's monthly loan
payment amount, $719.33. The policy further stated that the Loan
Term Period was 180 months and that the "Benefit Term Period" was
120 months. Additionally, the policy stated that benefits were limited
to the term of the policy, or a maximum of thirty-six "monthly bene-
fit payments . . . , whichever is less." Plaintiff subsequently became

disabled and Nationsbanc began making the monthly benefit payments pursuant to the policy. After thirty-six months, Nationsbanc refused to make further payment.

On 8 August 2001, plaintiff filed a complaint seeking damages for breach of contract. Nationsbanc answered and admitted making thirty-six payments pursuant to the terms of the policy. On 29 October 2001, Nationsbanc moved for judgment on the pleadings. On 11 January 2002, the trial court determined there was no genuine issue of material fact and defendant was entitled to dismissal of all of plaintiff's claims as a matter of law, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c) (2001). Plaintiff appealed.

Plaintiff's sole argument on appeal is that the trial court erred in granting Nationsbanc's motion for judgment on the pleadings. Plaintiff contends that nowhere in the policy were the terms "Benefit Term Period" or "Monthly Benefits" defined. Plaintiff therefore argues that the policy is ambiguous on its face and should be construed in her favor so as to provide coverage for the full 120-month "Benefit Term Period." After careful review of the record, briefs and contentions of the parties, we disagree with plaintiff's arguments and affirm the order of the trial court.

This Court has stated:

> "Judgment on the pleadings, pursuant to Rule 12(c), is appropriate ' "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." ' The trial court must ' "view the facts and permissible inferences in the light most favorable to the non-moving party[]," ' taking all well-pleaded factual allegations in the non-moving party's pleadings as true.
>
> When ruling on a motion for judgment on the pleadings, the trial court 'is to consider only the pleadings and any attached exhibits, which become part of the pleadings.' "
>
> Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party.

*Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (citations omitted). Here, the only issue in dispute is the term of the monthly benefit payments. Plaintiff contends the benefits should extend for 120 months, the "Benefit Term Period" listed

in the policy. However, benefit payments clearly were limited to a term of thirty-six months in three portions of the policy. First, the policy states that "[b]enefits hereunder are limited to the term shown in the schedule or a maximum total of thirty six (36) monthly benefit payments during the term of this policy, *whichever is less*." (Emphasis added.) On page two of the policy, it is again stated that "[t]he amount of Monthly Benefit Payment shall be LIMITED TO A MAXIMUM OF THIRTY-SIX (36) Monthly Benefits. . . ." (Emphasis in original.) Finally, the policy states that "[t]he **CUMULATIVE TOTAL** of ALL MONTHLY BENEFITS SHALL NOT EXCEED THIRTY-SIX (36) BENEFITS times the benefit amount shown in the schedule [$719.33]." (Emphasis in original.)

This Court has stated:

> Our courts have established several rules pertaining to the construction of insurance policies, the most rudimentary being that the language of the policy controls its interpretation. "The various terms of an insurance policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect."
>
>> "Where the language of a contract is plain and unambiguous, construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written, in light of the undisputed evidence as to the custom, usage and meaning of its terms."

*DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 601, 544 S.E.2d 797, 799-800 (2001) (citations omitted). In this case, even when the policy is read in the light most favorable to plaintiff, there is no ambiguity. The contract of insurance plainly and explicitly limited the term of monthly benefit payments to thirty-six months. Accordingly, we conclude that the trial court did not err, and defendant was entitled to judgment on the pleadings.

Affirmed.

Chief Judge EAGLES and Judge HUDSON concur.