JOHN R. SUTTON AND JAMES M. EDMONDS, PLAINTIFFS V. JARVIS WAYNE MESSER, STAR STONE ENTERPRISES, INC., SAMUEL E. GRIFFIN, REESE LASHER, JOE EBLEN, DANNY BULLMAN, CHARLIE BULLMAN, SANDRA DUCKET, LESTER WRIGHT, ENOC PRATHER, CHARLIE HENSLEY, STEVE METCALF, BOB POSEY, JOE PENLAND, SR., GUS COLAGERAKIS, AND MIKE MONTAPERTO, DEFENDANTS

No. COA04-757

(Filed 4 October 2005)

**1. Contracts— interpretation of provisions—surrounding language and purpose of agreement**

Language in an agreement for the sale of rubies, considered with surrounding language and the purpose of the agreement, provided for institution of a receivership at the unilateral request of any party. This language could not be the basis for a judgment on the pleadings for defendants.

**2. Contracts— agreement to sale by receiver—undesignated partial quantity—not void for vagueness**

The plain language of an agreement to sell two large rubies authorized the receiver to sell either but not both, and was not unenforceable for vagueness. Judgment on the pleadings for defendants should not have been granted.

**3. Contracts— essential term—left to court's discretion**

An essential term of an agreement for the disposal of rubies was present where the parties agreed to leave the terms of the receiver's sale to the discretion of the court. Judgment on the pleadings for defendants should not have been granted.

**4. Parties— specific performance of contract—investors not party to contract**

An agreement for the sale of rubies was enforceable in this action even though some of the defendants were not parties to the agreement, and judgment on the pleadings should not have been granted.

**5. Appeal and Error— failure to join necessary parties—not raised at trial—not considered on appeal**

The defense of failure to join necessary parties was not considered because it was not raised at trial.

Judge BRYANT dissenting.

Appeal by plaintiffs from a judgment signed 25 February 2004 by Judge E. Penn Dameron, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 13 January 2005.

*Root & Root, P.L.L.C., by Allan P. Root for plaintiffs-appellants.*

*James M. Kimzey and Katherine E. Jean for Jarvis Wayne Messer, Star Stone Enterprises, Inc., Danny Bullman, Charlie Bullman, Sandra Ducket, Bob Posey and Gus Colagerakis, defendants-appellees.*

JACKSON, Judge.

John R. Sutton and James M. Edmonds (plaintiffs) appeal from a 25 February 2004 judgment granting defendants'[1] Motion for Judgment on the Pleadings and dismissing plaintiffs' complaint with prejudice.

The present action arises out of an agreement dated 30 September 1998 entitled "Settlement and Mutual Release Agreement" (Agreement). The Agreement was executed in settlement of a 1996 lawsuit in Buncombe County brought by Jarvis Wayne Messer and Star Stone Enterprises, Inc.—defendants in the present action— against attorneys John R. Sutton and James M. Edmonds. Sutton and

---

1. Defendants Messer, Star Stone Enterprises, Inc., D. Bullman, C. Bullman, Ducket, Prather, Hensley, Posey, and Colagerakis filed a Motion to Dismiss and Motion for Judgment on the Pleadings in the present action. Plaintiff's complaint named defendants Griffin, Lasher, Eblen, Metcalf, and Penland, placing them within the jurisdiction of Buncombe County Superior Court. Defendant Wright filed an Answer to plaintiffs' complaint, submitting himself to the jurisdiction of Buncombe County Superior Court. At the time the trial court granted the Motion for Judgment on the Pleadings, service had not yet been obtained on defendant Montaperto.

Edmonds claimed an interest in the sales proceeds of two rubies pursuant to investment contracts between them and Messer. A dispute arose between Sutton, Edmonds and Messer that led to the 1996 lawsuit, settled by the Agreement dated 30 September 1998.

Plaintiffs allege the Agreement entitles either party to petition the trial court for appointment of a receiver to sell the two rubies and distribute the proceeds of the sales "to the parties as their interests shall be found by the Court." The two rubies are the "Appalachian Star Ruby," a 139.43 carat oval Star Ruby cabochon, and the "Smoky Mountain Two Star Ruby," an 86.56 carat round double Star Ruby cabochon. Both rubies are owned by Messer.

Pursuant to paragraph 2 of the Agreement, a three person Sales Committee is formed to "sell either or both of the Rubies with all due haste, taking into account their intrinsic and fair market value, and taking into account that they should be marketed with due care and circumspection, in order to avoid selling them for less than a fair value." Paragraph 3 of the Agreement provides that "[t]he Sales Committee shall have authority to sell either or both of the Rubies with all acts and actions to be taken and approved by the Sales Committee to be by majority vote." Paragraph 4 of the Agreement addresses how the parties may proceed if the Sales Committee fails in its efforts:

> The Sales Committee shall make every reasonable effort to sell one or both Rubies within a period of three (3) years from the date of this Agreement. If neither of the Rubies has been sold by the aforementioned deadline, then, at the request and instigation of either party, and without opposition of the other party, a state court receiver shall be appointed, in Buncombe Superior Court, to sell either of the Rubies on such terms and conditions as a Court shall deem fit or advisable, after a hearing at which all facts shall be presented by each party. If neither party desires to institute a receivership action, then the Sales Committee shall continue to have the authority and direction to continue to attempt to sell the Rubies for a period of two (2) additional years from the aforementioned deadline, and the right of either party to institute a receivership proceeding shall continue throughout such two-year (2) period.

Plaintiffs alleged in their complaint that the initial three-year period had elapsed without the Rubies being sold by the Sales Committee, and requested the court appoint a receiver to sell the

rubies on such terms as determined by the court, and distribute the net proceeds among the parties as their interests are determined by the court. In addition to Messer and Star Stone Enterprises, Inc., plaintiffs named as defendants certain other investors who were alleged to be entitled to a percentage of the proceeds of the sales of the rubies pursuant to separate contracts with Messer.

In response, Messer and other investor-defendants filed a Motion to Dismiss and a Motion for Judgment on the Pleadings. A judgment granting the defendants' Motion for Judgment on the Pleadings and dismissing plaintiffs' complaint with prejudice was signed on 25 February 2004. On 24 March 2004, plaintiffs appealed.

" 'Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party.' " *Gore v. Nationsbanc Ins. Co.*, 153 N.C. App. 520, 521, 570 S.E.2d 115, 116 (2002) (quoting *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001)). A motion for judgment on the pleadings is intended to "dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974); *George Shinn Sports, Inc. v Bahakel Sports, Inc.*, 99 N.C. App. 481, 486, 393 S.E.2d 580, 583 (1990), *review denied, motion granted*, 328 N.C. 571, 403 S.E.2d 511 (1991). Judgment on the pleadings is proper where the pleadings reveal no genuine issue of material fact and present only questions of law. *Ragsdale* at 137, 209 S.E.2d at 499. " 'When ruling on a motion for judgment on the pleadings, the trial court 'is to consider only the pleadings and any attached exhibits, which become part of the pleadings.' " *Gore*, 153 N.C. App. at 521, 570 S.E.2d at 116 (quoting *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001)) (internal quotations omitted); *see* N.C. Gen. Stat. § 1A-1, Rule 10(c) (2003). "If the pleadings present any issues of fact, then judgment on the pleadings is not appropriate." *Thompson v. Town of Warsaw*, 120 N.C. App. 471, 473, 462 S.E.2d 691, 692 (1995); *see also Benson v. Barefoot*, 148 N.C. App. 394, 396, 559 S.E.2d 244, 246 (2002).

[1] Plaintiffs assign as error the trial court's entry of judgment on the pleadings in favor of defendants on the grounds that the pleadings established material issues of fact regarding the validity of the Agreement and failed to establish that defendants were entitled to judgment as a matter of law.

Plaintiffs contend the Agreement specifically provides for the institution of a court-appointed receiver at the request of either party after the expiration of a three-year period in the event neither ruby has been sold. Plaintiffs further contend that this right to request the appointment of a receiver continues throughout the additional two-year period provided by the Agreement in the event a receivership has not been instituted upon the expiration of the initial term. Accordingly, plaintiffs assert that the Agreement itself does not preclude the appointment of a receiver as requested and cannot be the basis for entry of judgment on the pleadings in favor of defendants.

Defendants contend that the plain language of the Agreement precludes the unilateral institution of a receivership by either party and, because of their opposition to such receivership, judgment on the pleadings in their favor was proper. This contention first was raised by defendants on appeal and was not contained in the answer to their complaint nor in their motion to dismiss.

Both parties base these positions on their interpretations of the language of paragraph 4 set forth in its entirety *supra* and which states, in relevant part, "without opposition of the other party, a state court receiver shall be appointed, in Buncombe Superior Court, to sell either of the Rubies . . . ."

"A settlement agreement is interpreted according to general principles of contract law, and since contract interpretation is a question of law, the standard of review on appeal is *de novo*." *Cabarrus County v. Systel Bus. Equip. Co.*, 171 N.C. App. 423, 425, 614 S.E.2d 596, 597 (2005) (citing *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001); *Harris v. Ray Johnson Constr. Co., Inc.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000)). " 'The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made . . . .' " *Hilliard v. Hilliard*, 146 N.C. App. 709, 714, 554 S.E.2d 374, 377-78 (2001) (quoting *Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962)). " '[A] contract must be considered as an entirety. The problem is not what the separate parts mean, but what the contract means when considered as a whole.' " *Atlantic & N. C. R. Co. v. Atlantic & N. C. Co.*, 147 N.C. 274, 284, 61 S.E. 185, 190 (1908) (quoting Paige on Contracts, § 1112). " 'If the words employed are capable of more than one meaning, the meaning to be given is that which it is apparent the parties intended them to have.' " *Jones v. Casstevens*, 222 N.C. 411, 413, 23 S.E.2d 303, 305 (1942) (quoting *King v. Davis*, 190 N.C. 737, 741, 130 S.E. 707, 709-10 (1925)).

In the case *sub judice*, plaintiffs contend that the words "without opposition of the other party" mean that neither party can prevent the other from instituting a receivership as provided by the terms of the Agreement. Defendants contend that the same language requires agreement of both parties for the appointment of a receiver. Although Defendants' interpretation may be reasonable when the language is considered standing alone, it is not reasonable in light of the surrounding language of the Agreement or the apparent purpose of the receivership provision. Paragraph 4 goes on to provide as a contingency:

> If *neither* party desires to institute a receivership action, then the Sales Committee shall continue to have the authority and direction to continue to attempt to sell the Rubies for a period of two (2) additional years from the aforementioned deadline, and the right of *either* party to institute a receivership proceeding shall continue throughout such two-year (2) period.

(Emphasis supplied). This additional language does not indicate that agreement among the parties was required for the institution of a receivership. To the contrary, this language clearly indicates that a receivership could be initiated at the request of only one party to the Agreement as argued by plaintiffs.

Further, it reasonably appears, and is so conceded in defendants' brief, that the receivership provision was intended to serve as a compromise of the parties' claims if the sales committee failed to sell the Rubies. As such, interpreting the language "without opposition from the other party" as proposed by defendants clearly would defeat the purpose of the provision.

Accordingly, we hold that the Agreement specifically provides for the institution of a receivership at the unilateral request of any one party. Consequently, this argument cannot be the basis for an entry of judgment on the pleadings in defendants' favor.

[2] Defendants next assert that the Agreement is unenforceable for vagueness and ambiguity and, consequently, entry of judgment on the pleadings in their favor also was proper on those grounds. Specifically, defendants contend that because the Agreement provides for the sale of one or both of the Rubies by the sales committee, but specifies that a receiver could be appointed to sell either of the Rubies upon terms and conditions that the court deemed fit, there was no meeting of the minds.

While we agree with defendants that there is nothing in the Agreement which can be read to authorize a receiver's sale of both Rubies, we see nothing that prevents the Agreement from being enforceable. The use of the phrase "to sell either of the Rubies" with regard to the authority of the receiver clearly establishes that the parties intended the receiver's authority to be limited to the sale of only one Ruby. This is particularly true in light of the parties' use of phrases, "to sell either or both of the Rubies" and "to sell one or both of the Rubies" with regard to the authority of the sales committee which clearly indicate that the sales committee's authority was not limited to the sale of only one ruby. Accordingly, we hold that, pursuant to the plain language of the Agreement, the court appointed receiver is authorized to sell either one, but not both, of the Rubies.

**[3]** In further support of the position that the Agreement is unenforceable defendants contend that, because the Agreement fails to specify which of the Rubies was to be sold by the receiver, an essential term of the agreement was lacking. " 'If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement.' " *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001) (quoting *Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974) (internal quotations and citations omitted). In the case *sub judice*, the parties agreed that the court would determine what terms and conditions of a receiver's sale would be "fit and advisable," which necessarily would include the determination of which Ruby was to be sold. Because the parties had agreed to leave the terms of the receiver's sale to the discretion of the court, a mode for deciding which Ruby would be sold by the receiver was agreed upon and, therefore, the agreement is not void for indefiniteness.

**[4]** Defendants next argue that the Agreement is unenforceable because many of the named defendants are not parties to the Agreement and, consequently, cannot be bound by it. Parties to a contract only may bind themselves and third parties may not be bound without their consent. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 438, 238 S.E.2d 597, 602-03 (1977) (citing 17A C.J.S., Contracts § 520 at 999). Here, however, plaintiffs are not attempting to enforce the Agreement against the investor defendants who were not parties to the Agreement. Rather, the investor defendants are proper parties to the action because the resolution of this action could affect their interests even though their presence was not necessary to proceed with the action. *N.C. Monroe Constr. Co. v. Guilford County Board*

*of Education*, 278 N.C. 633, 638-39, 180 S.E.2d 818, 821 (1971) (quoting *Gaither Corp. v. Skinner*, 238 N.C. 254, 256, 77 S.E.2d 659, 661 (1953)). Conversely, a party who claims a material interest in the subject matter of the case, whose interests will be directly affected by its outcome, and whose rights "must be ascertained and settled before the rights of the parties to the suit can be determined" is a necessary party. *Id.* (quoting *Equitable Life Assurance Soc. v. Basnight*, 234 N.C. 347, 352, 67 S.E.2d 390, 394 (1951)).

The presence of the investor defendants in this action who were not parties to the Agreement, was not required for this action to proceed as none of them have any interest in the actual Rubies themselves. The relief sought by plaintiffs is the specific performance of the Agreement which provides for the sale of one or both Rubies in settlement of a prior suit between the parties to the Agreement. Only defendant Messer has an ownership interest in the actual Rubies while plaintiffs and all other defendants have only an interest in the proceeds from the sale of the Rubies. Accordingly, because defendant Messer, the sole owner of the Rubies, is a party to the Agreement, which calls for the sale of one or both Rubies, it can be specifically performed.

Plaintiffs included the investor defendants known to them as the nature, method, and terms of a sale resulting from enforcement of the Agreement will affect the price received for the Rubies and, consequently, the investor defendants' interests. However, as none of the investor defendants have an ownership interest in the Rubies themselves, their presence was not required for the resolution of the action. Consequently, we hold that the investor defendants who were not parties to the Agreement were proper, and not necessary, parties to this action.

**[5]** Finally, defendants assert that the pleadings established that they were entitled to judgment as a matter of law because not all necessary parties were joined. Defendants contend that there existed additional investor defendants with interests in the proceeds of the sale of the Rubies and therefore not all necessary parties were present. The defense of failure to join a necessary party must be raised before the trial court and may not be raised for the first time on appeal. *Stancil v. Bruce Stancil Refrigeration, Inc.*, 81 N.C. App. 567, 574, 344 S.E.2d 789, 793, *disc. review denied*, 318 N.C. 418, 349 S.E.2d 601 (1986), *appeal dismissed after remand*, 94 N.C. App. 760, 381 S.E.2d 720 (1989). Defendants failed to raise this defense before the trial court and, accordingly, we do not consider this defense.

SUTTON v. MESSER

[173 N.C. App. 521 (2005)]

Assuming *arguendo* we were to consider this argument, however, it still would not be persuasive for the same reasons discussed *supra* regarding the investor defendants as proper parties.

Judgment of the trial court on the pleadings is reversed. The case is ordered remanded to the trial court for determination in light of defendants' remaining defenses, with instructions to the trial court to enter findings that: (1) appointment of a receiver may be instituted by either party to the Agreement unilaterally; (2) said receiver is authorized to sell only one Ruby—the identity of which is to be determined by the trial court, in its discretion, after hearing arguments of both parties in accordance with the Agreement; (3) the Agreement is not void for indefiniteness; (4) the investor defendants are proper parties whose presence does not preclude specific performance of the Agreement; and (5) no investor defendants are necessary parties.

Reversed and remanded with instructions.

Judge HUNTER concurs.

Judge BRYANT dissents in a separate opinion.

BRYANT, Judge dissenting.

The majority interprets the language in the Agreement "without opposition from either party" to mean that such Agreement "provides for the institution of a receivership at the unilateral request of either party." This interpretation goes beyond the pleadings and the Agreement which were before the trial court in an effort to determine the intent of the parties. Therefore, I respectfully dissent.

A motion for judgment on the pleadings is properly allowed when all material allegations of fact are admitted in the pleadings and only questions of law remain. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). When language of a contract is plain and unambiguous its construction is a matter of law for the court. *Wright v. Auto Sales, Inc.*, 72 N.C. App. 449, 453, 325 S.E.2d 493, 496 (1985); *See Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 120, 516 S.E.2d 879, 882 (where the language of a contract is clear, the contract must be interpreted as written), *disc. review denied*, 350 N.C. 832, 539 S.E.2d 288 (1999), *cert. denied*, 528 U.S. 1155, 145 L. Ed. 2d 1072 (2000).

The challenged phrase in paragraph 4, "without opposition of the other party," plainly states that absent the consent of both parties to a court-appointed receivership sale, the Sales Committee had two additional years in which to attempt to sell either ruby. Accordingly, plaintiffs filed a receivership action one day prior to the expiration of the two-year additional time period. Per the terms of the Agreement, defendants exercised their right to oppose initiating the receivership sale of either ruby. Under the plain meaning of the Agreement, plaintiffs had no right to compel defendants to sell the rubies within the five-year time period.

The trial court properly reviewed the Agreement to see if the terms were plain and unambiguous. *See De Torre v. Shell Oil Co.*, 84 N.C. App. 501, 353 S.E.2d 269 (1987) (judgment on the pleadings proper where agreement unambiguous). The time period under the Agreement as to the sale of either ruby expired effective 30 September 2001, the date on which the trial court granted defendants' motion for judgment on the pleadings. There exists no ambiguity regarding the terms of the Agreement. The Agreement further detailed the parties' anticipated process of selling either ruby over a five-year period from the date it was executed. As no genuine issue of material fact exists, I would affirm judgment in favor of defendants.